UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANDREI SINIOUKOV, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br>v.<br><br>SRA INTERNATIONAL, INC., *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>) No. 1:11cv447<br>) (LO/TRJ)<br>)<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF
DEFENDANTS' EMERGENCY MOTION TO CONTINUE HEARING DATE**

Pursuant to Local Civil Rule 7(G) & (I), defendants SRA International, Inc. together with certain individual defendants[1] (collectively, "SRA"), move the Court to enter an order continuing the hearing date on plaintiff's pending "emergency" motion for leave to conduct expedited discovery and to set a briefing schedule for plaintiff's (as yet unfiled) motion for a preliminary injunction (Dkt. ## 2-4 & 6). In violation of the rules of court, plaintiff unilaterally set a hearing date of May 6, 2011—less than 14 days after the motion was filed—without obtaining either the defendants' consent or a court order setting a shorter notice period. *See* FED.R.CIV.P. 6(c)(1)(C). After receiving a copy of the motion on April 26, 2011, SRA asked plaintiff to continue the hearing date by one week to May 13 to comply with the rules of this Court, to allow defendants a full and fair opportunity to oppose the extraordinary request for extensive expedited discovery, and to accommodate the schedule of its local counsel. Plaintiff refused.

---

[1] This motion is filed on behalf of defendants SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail R. Wilensky. Defendants Dr. Ernst Volgenau, Providence Equity Partners LLC, Sterling Parent Inc., and Sterling Merger Inc. also support this motion.

Plaintiff's short-noticing of the motion violates the rules, is unfair to defendants (who have just been served), and is unwarranted because "good cause" for shortening the notice period for a motion cannot be shown under the facts and circumstances of this action. Moreover, there is no basis on which plaintiff can show that moving the hearing date one week would be prejudicial. Defendant SRA respectfully requests that the hearing be moved to Friday, May 13, 2011, the Court's next regular motions day.

### STATEMENT OF THE CASE

This reflexively filed, attorney-driven suit attempts to block the SRA shareholders from exercising their right to vote on whether to approve a proposed transaction that was a product of a competitive bidding process run by a special committee of independent directors and offers them a premium of over 50% above the stock's closing price on December 31, 2010 (the date of SRA's unaffected share price) (Dkt. # 1, *Complaint* ¶ 41). SRA is a publicly traded company organized under the laws of Delaware, with its principal place of business in Fairfax, Virginia (*Id.* ¶ 9). On April 1, 2011, the company announced an Agreement and Plan of Merger with defendants Sterling Parent Inc., and its wholly owned subsidiary, Sterling Merger Inc., both of which are Delaware corporations (*Id.*, ¶ 3, 41). As is typical, the merger announcement triggered a race to the courthouse.

Although not referenced in the plaintiff's motion, on April 7, 2011, a shareholder class action has already been filed in the Delaware courts asserting essentially the same claims as here, and seeking essentially the same relief, all based on essentially the same formulaic and conclusory allegations of "breach of fiduciary." *Southeastern Penn. Trans. Author., etc. v. SRA International, Inc., et al.*, No. 6354 (Del. Ch. Apr. 7, 2011) (Exhibit A). The first-filed Delaware Chancery case is being actively litigated by both sides.

On April 18, 2011, SRA filed with the Securities and Exchange Commission ("SEC") a preliminary proxy statement relating to a merger or acquisition (Form PREM14A) for approval pursuant to SEC regulations. *See* 17 C.F.R. 240.14a-6.[2] The SEC has indicated that it will make a full review of it, which may take up to 30 days. Thereafter, there will be a comment period. Only when this proxy statement has been approved by the SEC can it be mailed to SRA shareholders. It is expected that an approved proxy statement will not be mailed earlier than mid-June, and it is expected that any shareholder vote on the merger would not occur earlier than mid-to-late-July 2011.

Having lost the race to the courthouse in Delaware, plaintiff ran to this courthouse and filed this action on April 25, 2011, asserting that the preliminary proxy statement is "materially misleading and omits material information" (*Complaint* ¶ 4). In light of the first-filed Delaware Chancery suit, however, SRA likely will move to stay this action.

In an obvious effort to overtake the first-filed action in Delaware, plaintiff now moves for extraordinary and extensive expedited discovery, which motion has been unilaterally short-noticed on an "emergency" basis. Given the anticipated schedule for the issuance of the SEC-approved proxy statement and the overall timing of this transaction—with the shareholder vote not likely to take place before mid-to-late-July at the earliest—there is no "emergency," and a one-week continuance of the hearing date will not prejudice the plaintiff.

---

[2]  This lengthy (204 pages) preliminary proxy statement is available online at http://sec.gov/Archives/edgar/data/906192/000095012311036174/y90840prem14a.htm. This public filing is referenced in the *Complaint* (¶ 4), but not attached thereto. Nonetheless, it constitutes a part of that pleading. *See* FED.R.CIV.P. 10(c); *accord In re MicroStrategy, Inc. Sec. Litig.*, 115 F. Supp. 2d 620, 623 n.4 (E.D. Va. 2000).

**ARGUMENT**

Whether to continue a motion hearing date is committed to the discretion of the District Court. *Kalos v. Law Offices of Eugene A. Seidel, P.A.*, No. 1:09cv833 (JCC), 2009 U.S. Dist. LEXIS 99489, * 10 (E.D. Va. Oct. 26, 2009). A continuance must be sought in writing and will be granted for "good cause and upon such terms as the Court may impose." E.D.VA.CIV.R. 7(I) & (G). As is shown below, there is ample good cause to continue the hearing one week to May 13.

It has long been recognized in securities cases that undue and unnecessary discovery is a "social cost rather than a benefit." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975). Launching immediately into the discovery phase of the case "would permit a plaintiff 'with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence.'" *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (quoting *Blue Chip Stamps*, 421 U.S. at 741). Indeed, the tactical use of discovery in securities cases is the very reason why Congress mandated that discovery in federal securities fraud class actions be stayed pending a motion to dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B) (requiring that discovery and other proceedings be stayed during the pendency of any motion to dismiss). Expedited discovery is not routine even in this sort of action. In a case filed by the same plaintiff's firm in a similar action to block a merger, the Magistrate Judge denied the motion for leave to conduct expedited discovery. *See Sullivan v Argon ST, Inc.*, No. 1:10cv0750 (CMH/JFA) (E.D. Va. July 23, 2010) (Dkt. # 24). In light of these judicially and Congressionally recognized interests, defendants should be given a

full and fair opportunity to oppose the motion for expedited discovery, which is both extraordinary and extensive.

Moreover, a request for expedited discovery in any case is warranted only "when some unusual circumstances or conditions exist that will likely prejudice the party if they were required to wait the normal time." *Physicians Interactive v. Lathian Sys., Inc.*, No. 1:03cv1193 (GBL), 2003 U.S. Dist. LEXIS 22868, *11-12 (E.D. Va. Dec. 5, 2003).  Whether or not plaintiff ultimately will be able to show "that he will likely be prejudiced" without expedited discovery, plaintiff cannot show that that delaying the hearing on his motion will cause any prejudice at all.

This action was filed on April 25, 2011 at 4:52 p.m. (Dkt. # 1) (time-stamp).  The motion for expedited discovery also was filed late in the afternoon on April 25 (Dkt. ## 2-4), but no papers were served on any defendant until April 26.  Nonetheless, plaintiff unilaterally noticed the expedited discovery motion hearing for May 6, simply claiming it was an "emergency" motion (Dkt. # 6).  The Federal Rules, however, require 14 days' notice for every motion unless the motion may be heard *ex parte*, is subject to a different notice rule, or the Court has ordered a shorter time period.  FED.R.CIV.P. 6(c)(1).  None of the exceptions apply, and plaintiff neither sought nor obtained leave to short-notice this motion.

In this Division, civil motions are heard on Fridays, and the movant is enjoined to notice his motion for "the earliest permissible motions day." E.D.VA.CIV.R. 7(E).  Moreover, under the Local Civil Rules, the non-moving party has eleven days in which to file and opposition to a motion.  E.D.VA.CIV.R. 7(F)(1).  The motion at issue was served on the first defendant on the evening of April 26 (and on other defendants later last week), and so the defendants' opposition (and there will be one) is due May 9, and "the earliest permissible motions day" after the 14-day notice period is May 13.  To be sure, once parties are in a discovery phase of a case, the *Rule*

5

*16(b) Scheduling Order* typically orders a 5-day cycle for non-dispositive motions, but no such order has been entered yet in this case. Until a scheduling order is entered, the periods specified in the rules govern. Thus, good cause to continue the hearing to the proper hearing date has been shown.

By contrast, plaintiff cannot show good cause for shortening the notice period for this motion. Given that a formal proxy statement has not even been approved by the SEC, let alone mailed to the shareholders, there is no immediate urgency to plaintiff's need to initiate discovery. Moving this hearing one week will not impede the orderly litigation of this action even assuming that the Court grants expedited discovery and refuses to stay the case.

Finally, and in any event, undersigned counsel for SRA has a personal conflict on May 6, and even if this hearing is not continued to May 13, counsel seeks a continuance at least until May 10. Counsel's daughter is getting married out of town on May 7, and counsel will be travelling to the site on May 6. If no other relief is granted, undersigned counsel seeks the Court's, other counsel's, and the parties' indulgence at least to accommodate this family obligation.

## CONCLUSION

For the reasons argued above, the Court should continue the hearing on plaintiff's motion for expedited discovery from May 6 to May 13.  If this relief is granted, SRA will file its opposition to the motion for expedited discovery on May 10.

Dated: May 2, 2011	Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly (VSB #20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX   (703) 549-2604
EMAIL craig.reilly@ccreillylaw.com
*Counsel for defendants SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail Walensky*

*Of Counsel:*

James P. Gillespie
Robert B. Gilmore
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Suite 1200
Washington, D.C. 20005
TEL (202) 879-5000
FAX (202) 879-5200

**CERTIFICATE OF SERVICE**

  I hereby certify that on this <u>2nd</u> day of May 2011, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to the following counsel of record or by email (*):

Steven B. Gould
Jesse D. Stein
BROWN & GOULD, LLP
7700 Old Georgetown Rd.
Suite 500
Bethesda, MD 20814
*Counsel for Plaintiff*

ROBBINS GELLER RUDMAN*
& DOWD LLP
STUART A. DAVIDSON
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
*Counsel for Plaintiff*

ROBBINS GELLER RUDMAN*
& DOWD LLP
RANDALL J. BARON
A. RICK ATWOOD, JR.
DAVID T. WISSBROECKER
655 West Broadway, Suite 1900
San Diego, CA 92101
*Counsel for Plaintiff*

Maeve O'Connor *
moconnor@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
*Counsel for Defendants Providence Equity Partners LLC, Sterling Parent Inc., and Sterling Merger Inc.*

John C. Millian *
jmillian@gibsondunn.com
GIBSON DUNN & CRUTCHER
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
*Counsel for Defendant Dr. Ernst Volgenau*

JOHNSON BOTTINI, LLP*
FRANK A. BOTTINI
501 W. BROADWAY, SUITE 1720
SAN DIEGO, CA 92101
*Counsel for Plaintiff*

        /s/ Craig C. Reilly
        Craig C. Reilly VSB # 20942
        111 Oronoco Street
        Alexandria, Virginia 22314
        TEL: (703) 549-5354
        FAX: (703) 549-2604
        EMAIL: craig.reilly@ccreillylaw.com
        *Counsel for defendants SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail Walensky*