UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANDREI SINIOUKOV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SRA INTERNATIONAL, INC., DR. ERNST VOLGENAU, JOHN W. BARTER, LARRY R. ELLIS, MILES R. GILBURNE, W. ROBERT GRAFTON, WILLIAM T. KEEVAN, MICHAEL R. KLEIN, DR. STANTON D. SLOANE, DR. GAIL R. WILENSKY, PROVIDENCE EQUITY PARTNERS LLC, STERLING PARENT INC., and STERLING MERGER INC.,<br><br>Defendants. | Civil Action No. 1:11-cv-00447-LO -TRJ<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SRA INTERNATIONAL INC.'S EMERGENCY MOTION TO CONTINUE HEARING DATE** |

Plaintiff Andrei Sinioukov ("Plaintiff") respectfully submits the following response in opposition to the emergency motion to continue the May 6, 2011 hearing date file by Defendant SRA International, Inc. ("SRA" or the "Company").

Defendant SRA is asking this Court to postpone the May 6, 2011 hearing on Plaintiff's emergency motion for expedited discovery and to set a briefing schedule and hearing date on plaintiff's motion for a preliminary injunction. This Court should deny SRA's request because none of the reasons put forth by SRA to re-set the hearing hold water. Indeed, SRA appears to be simply employing a litigation strategy designed to have Plaintiff's fundamental right to seek access to courts effectively negated by the mere passage of time. In that regard, any delay – *even the week postponement proposed by SRA*, in having Plaintiff's motion heard will prejudice Plaintiff's ability

to have access to this Court in order to address the irreparable harm facing SRA's shareholders as a result of the corporate takeover of SRA by Providence Equity Partners LLC ("Providence").

Plaintiff has noticed a May 6, 2011 hearing on his emergency motion for expedited discovery and to set a briefing schedule and hearing date on plaintiff's motion for a preliminary injunction. Plaintiff's motion was filed on April 25, 2011 and sent to counsel for the defendants on April 27, 2011. Notably, SRA does not claim that Plaintiff delayed giving notice of the Complaint, the underlying motion, or notice of the hearing. Moreover, as set forth in Plaintiff's complaint and papers, Plaintiff's request is necessary and, in fact, routine in this sort of direct shareholder action challenging a proposed corporate takeover, which, here, is the proposed takeover of SRA by Providence.

The narrowly-tailored expedited discovery is necessary and routine because of the irreparable harm facing SRA's shareholders in the absence of prompt and efficient access to this Court. *See Am. Stores Co. v. Lucky Stores, Inc.*, C.A. No. 9766, 1988 WL 909330, at *2 (Del. Ch. Apr. 13, 1998) ("[T]he granting of [an expedited discovery motion] is quite conventional in litigation of this type for very good reason[s]."). Money damages are not an adequate remedy to address their inability to cast informed, intelligent, and rational votes on whether to approve of the merger. *In re Staples, Inc. S'holders Litig.*, 792 A.2d 934, 960 (Del. Ch. 2001) ("Therefore, our cases recognize that it is appropriate for the court to address material disclosure problems through the issuance of a preliminary injunction that persists until the problems are corrected."). As set forth in Plaintiff's papers, there are many specific material omissions from the proxy materials defendants have provided to SRA shareholders regarding the process by which SRA's board of directors decided that SRA should be taken-over by Providence and regarding the financial metrics the financial advisor hired by the board of directors, Houliahn Lokey, used to justify the fairness of the proposed takeover

by Providence. Thus, in order to address the irreparable harm facing SRA's shareholders, this Court must determine whether defendants should be required to supplement or otherwise correct the proxy materials ***before the shareholder vote takes place***.

Not surprisingly, then, Plaintiff will be moving for a preliminary injunction in which Plaintiff will ask this Court to a) prevent consummation of the takeover unless and until the Board provides shareholders with the disclosures identified in his papers, *see*, *e.g.*, *Staples*, 792 A.2d at 960; and/or b) prevent consummation of the takeover until the Board solicits a new proposal from the bidders who dropped out of the process due to Defendant Volgenau's tainted influence, including Financial Bidder A and the spurned strategic bidders, for which termination fee in the merger agreement would be inapplicable, *see*, *e.g.*, *In re Del Monte Foods Co. S'holders Litig.*, C.A. No. 6027-VCL, 2011 WL 532014, at *29 (Del. Ch. Feb. 14, 2011) (enjoining deal protection measures, including termination fee, and postponing shareholder vote).

As it now stands, SRA has indicated that the shareholder vote will occur sometime in July. Assuming that the vote occurs in mid-July, that leaves the parties and this Court just ten (10) weeks to accomplish all of the following: (1) propound discovery requests; (2) respond to discovery requests; (3) meet and confer over any objections to discovery requests; (4) prepare and file motions to address any unresolved objections to discovery requests; (4) have a hearing on any discovery motions; (4) take necessary depositions of, a) Dr. Ernst Volgenau; b) One member of the special committee; c) A representative from Houlihan Lokey; d) The person most knowledgeable at Providence regarding the Proposed Transaction; and e) The person most knowledgeable at "Financial Bidder A" regarding the Proposed Transaction; (5) brief the preliminary injunction motion, including oppositions and replies; (6) conduct an evidentiary hearing on the preliminary injunction motion; and (7) afford the Court sufficient time to decide the preliminary injunction

motion. Furthermore, between now and the anticipated July vote there will be two major holidays – Memorial Day and July 4th – that will further complicate the coordination and scheduling of the discovery that needs to occur.

With all that needs to be accomplished in such a compressed time frame, a one week delay -- which amounts to ten (10) percent of the time between now and the anticipated vote – is material Furthermore, in order to provide the Court with the fullest and most complete record possible in making that decision, in order to enable the parties to present the best briefing possible on Plaintiff's request to enjoin the shareholder vote, and in order to provide sufficient time to allow the parties to seek an appeal before the shareholder vote but after this Court renders a decision on Plaintiff's request for a preliminary injunction, there must be adequate time for the parties to conduct expedited discovery. Indeed, this case adds a layer of complexity not normally seen in corporate takeover litigation that will increase the parties' respective workloads leading up to the briefing on Plaintiff's request for a preliminary injunction, which is the allegation that SRA's board of directors and SRA's controlling shareholder, Defendant Volgenau, steered the bidding process in favor of Providence and against other potential suitors. In order to vet this allegation and alternative basis for Plaintiff's request for a preliminary injunction, the parties will need sufficient time to conduct expedited discovery on and brief the issues attendant to this allegation, including the financial incentives Providence will provide Defendant Volgenau as compared to the financial arrangements proposed by the competing suitors during the bidding process. And even further complicating evidentiary matters are the results of the purported "go shop" process, which defendants describe as the special committee having contacted, to no avail, "50 parties, including 29 strategic parties and 21 financial sponsors, to solicit interest in a possible alternative transaction."

In seeking the one week postponement, SRA presents a series of ill-founded arguments that do not overcome the urgency articulated above.

First, SRA claims that the hearing should be postponed because SRA's local counsel, Craig C. Reilly, will be attending his daughter's wedding on May 7, 2011 and cannot, therefore, appear in court on May 6, 2011. But while we congratulate Mr. Reilly and are sympathetic to his personal conflict, it still does not warrant the postponement Defendants seek. Mr. Reilly is simply local counsel in the case. James Gillespie and his many capable colleagues at Kirkland & Ellis LLP are lead counsel in this case. It is our understanding that Mr. Reilly will not be substantively arguing on behalf of SRA, nor does SRA contend otherwise. Indeed, in another corporate takeover case in which Mr. Reilly served as local counsel for DLA Piper LLP and where the plaintiff sought expedited discovery, *Sullivan v Argon ST, Inc.*, No. 1:10cv0750 (CMH/JFA) (E.D. Va. July 26, 2010) (Dkt. # 25), Mr. Reilly merely introduced the lead counsel for DLA Piper at the hearing on the plaintiff's motion for expedited discovery, who argued the merits of the motion. Mr. Reilly's participation at the hearing for expedited proceedings in *Argon* was immaterial. Ironically, SRA relies on the *Argon* case in its brief. Mr. Reilly's unavailability does not justify postponing the hearing by a week.

The remainder of SRA's brief in support of postponement makes Mr. Reilly's unavailability appear to be merely an afterthought. SRA spends the majority of its effort in the brief setting forth a truly Orwellian notion. On the one hand, SRA contends that the May 6, 2011 hearing should be postponed by a week because SRA has not had sufficient time to prepare a response to Plaintiff's motion for expedited proceedings. On the other hand, SRA actually gives a substantive response to Plaintiff's motion, providing reasons why it believes that Plaintiff is not entitled to expedited proceedings, including citations to case law. Clearly, SRA is ready for the May 6, 2011 hearing as

SRA has already argued why it believes Plaintiff's motion for expedited proceedings should be denied.

Mr. Reilly's unavailability also appears to be even less material to SRA's request for postponement given SRA's claim that it will "likely" move to stay this case in favor of a case pending in Delaware chancery court. Putting aside the fact that this case is not identical to the case pending in Delaware chancery court because, among other reasons, this case invokes federal question jurisdiction and involves claims under §§14 and 20 of the 1934 Act and SEC Rule 14a9, and further putting aside the fact that this case should not be stayed, SRA's indication that it will "likely" seek a stay of this case highlights exactly what it is trying to accomplish with postponement. SRA wants its motion to stay filed before the underlying motion for expedited discovery is resolved, so that SRA will be able to argue that the case proceeding in Delaware chancery court is more advanced procedurally. Although there is a pending motion for expedited proceedings in the Delaware chancery court, Plaintiff filed his motion ***days before that motion was filed.*** SRA will nevertheless try to use the week postponement to allow the Delaware chancery case to leapfrog over this case. This Court should not countenance this litigation strategy.[1]

Finally, SRA contends that the May 6, 2011 hearing is procedurally improper, attempting to exalt form over substance. This is a "kitchen sink" argument and, moreover, moot since SRA has

---

[1] While SRA may wish to deride Plaintiff and his counsel for filing this action and purportedly seeking to "over-take" the Delaware case, the fact of the matter is that Plaintiff invoked the jurisdiction of ***this*** Court, and it is well settled that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 813 (1976), as "federal courts are bound by a 'virtually unflagging obligation to exercise the jurisdiction given them,'" *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 206 (4th Cir. 2006) (quoting *Colorado River*, 424 U.S. at 817). Thus, the specter of a possible motion by Defendants to stay these proceedings should not influence the Court's decision one way or the other. This Court presently has jurisdiction over this matter, and the process should unfold accordingly.

substantively responded to Plaintiff's motion and is further prepared to do so on May 6, 2011. Perhaps more importantly, SRA's contention is simply false.  Because time is of the essence to address the irreparable harm in this case, Plaintiff styled his motion as an "emergency" and set the May 6, 2011 hearing accordingly.  That gave counsel for defendants over a week to respond to the motion, which has proven to be more than enough time for defendants to substantively address the underlying merits of the motion. The notion that parties cannot set hearings on an emergency basis, as Plaintiff has done here, finds no support in the Federal Rules of Civil Procedure or in the local rules governing this Court.  Quite to the contrary, as the Federal Rules of Civil Procedure are expressly designed to be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  To hold otherwise, as SRA asks this Court to do, denies parties of their fundamental right to access to courts to address live controversies where irreparable harm is at stake.

The bottom line is that any postponement of the May 6, 2011 hearing on Plaintiff's motion for expedited proceeding will unduly prejudice Plaintiff given the already narrow window within which the parties and the Court have to vet and resolve discovery and briefing on Plaintiff's motion to enjoin the proposed, corporate takeover of SRA by Providence *before the shareholder vote takes place*, including allowing for sufficient time for the parties to seek an appeal of the Court's decision. SRA has not put forth any valid reason for postponing the hearing and is, in fact, prepared to present its arguments at the hearing. To be sure, all indications are that SRA is seeking postponement as a litigation strategy, which this Court should not permit.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully asks this Court to deny SRA's request to postpone the May 6, 2011 hearing on Plaintiff's motion for expedited proceedings.

Respectfully submitted,

/s/
_____
Steven B. Gould (Va. Bar No. 45410)
sgould@brownandgould.com
Jesse D. Stein (Va. Bar No. 74221)
jstein@brownandgould.com
BROWN & GOULD, LLP
7700 Old Georgetown Rd.
Suite 500
Bethesda, MD 20814
Telephone:  301-718-4548
301-718-8037 (fax)

Stuart A. Davidson
Cullin A. O'Brien
ROBBINS GELLER RUDMAN
  & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

Randall J. Baron
A.  Rick Atwood, Jr.
David T. Wissbroecker
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

JOHNSON BOTTINI, LLP
FRANK A. BOTTINI
501 W. BROADWAY, SUITE 1720
SAN DIEGO, CA  92101
(619) 230-0063
(619) 238-0622 (fax)

Attorneys for Plaintiff and the class

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing paper was served on counsel of record via this Court's CM-ECF system on May 3, 2011, as well as via email on the following:

Maeve O'Connor
Mocconor@devevoise.com
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York  20022
Counsel for Defendants Providence Equity Partners LLC,
Sterling Parent Inc., and Sterling Merger Inc.

John C. Millian
jmillian@gibsondunn.com
Gibson Dunn & Crutcher
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Counsel for Defendant Dr. Ernst Volgenau

            /s/
           Steven B. Gould