UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANDREI SINIOUKOV, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>SRA INTERNATIONAL, INC., *et al.,*<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 1:11cv447
(LO/TRJ)

## BRIEF IN SUPPORT OF SRA DEFENDANTS' MOTION FOR THE DELAWARE COURT OF CHANCERY AND THE EASTERN DISTRICT OF VIRGINIA TO CONFER

This case is one of two lawsuits filed in two different jurisdictions by two different plaintiff groups, but that challenge the exact same proposed merger transaction on nearly the exact same legal and factual bases on behalf of the exact same putative class.  One of these lawsuits is pending in Delaware Court of Chancery before Vice Chancellor Noble.  (Compl., *Se. Pa. Trans. Auth., etc. v. SRA Int'l, Inc., et al.*, C.A. No. 6354-VCN (Del. Ch. Apr. 7, 2011) ("Del. Compl.") (attached as Ex. A).)  This case is the other lawsuit.  (Compl., *Sinioukov v. SRA Int'l, Inc., et al.*, No. 1:11cv447 (E.D. Va. Apr. 25, 2011) (Dkt. No. 1) ("EDVA Compl.") (attached as Ex. B).)  Both actions seek the same relief: an injunction blocking SRA International, Inc. ("SRA") stockholders from exercising their right to vote on the proposed transaction.

As a matter of efficiency, these actions should not proceed simultaneously and independently in two different jurisdictions.  Defendants in both actions respectfully submit that this litigation should proceed in the Delaware Court of Chancery, where the first lawsuit was filed, and where that court has particularized expertise in matters of Delaware law.  The SRA

Defendants have therefore filed this motion to confer and they have filed a motion to stay this action.  Of paramount importance to all Defendants, however, is that this dispute be litigated in one jurisdiction only.

This situation — where multiple lawsuits are filed in multiple jurisdictions challenging the same proposed transaction on largely the same legal theories — arises routinely in the context of litigation challenging corporate transactions and creates numerous inefficiencies and other difficulties for the courts and the litigants.  In fact, Chancellor Chandler of the Delaware Court of Chancery recently proposed a straightforward and pragmatic way to avoid these inefficiencies:

> My personal preferred approach, for what it's worth, is for defense counsel to file motions in both (or however many) jurisdictions where plaintiffs have filed suit, explicitly asking the judges in each jurisdiction to confer with one another and agree upon where the case should go forward. In other words—and I mentioned this during an earlier oral argument in this case—my preference would be for defendants to "go into all the Courts in which the matters are pending and file a common motion that would be in front of all of the judges that are implicated, asking those judges to please confer and agree upon, in the interest of comity and judicial efficiency, if nothing else, what jurisdiction is going to proceed and go forward and which jurisdictions are going to stand down and allow one jurisdiction to handle the matter." Teleconference Tr. 24 (Nov. 22, 2010). Of course, as I recognized at the time, judges in different jurisdictions might not always find common ground on how to move the litigation forward. Nevertheless, this would be, I think, one (if not the most) efficient and pragmatic method to deal with this increasing problem. It is a method that has worked for me in every instance when it was tried.

*See In re Allion Healthcare Inc. Shareholder Litig.*, No. Civ. A. 5022-CC, 2011 WL 1135016, at *4-*5 (Del. Ch. Mar. 29, 2011) (attached as Ex. C); *id.* at *4 n.12.

Consistent with Chancellor Chandler's suggestion, Defendants respectfully request that this Court and Vice Chancellor Noble "confer with [each other] and agree upon where the case should go forward." *Id.*  Defendants believe that such a course of action is the best way to

proceed with this litigation in an efficient way that will best conserve the Courts' and the parties' resources.

## I.     Background.

*The Proposed Transaction.*   On March 31, 2011, SRA entered into an Agreement and Plan of Merger (the "Merger") with defendants Sterling Parent Inc., and its wholly owned subsidiary, Sterling Merger Inc., both of which are Delaware corporations.   SRA announced the merger the next day.   Although the Merger was the product of a competitive bidding process, run by a Special Committee of disinterested, independent SRA directors, which produced a more-than-50% premium for stockholders above the stock's unaffected closing price on December 31, 2010 (EDVA Compl. ¶ 41), the Merger announcement triggered a race to the courthouse.

*The Delaware Action.*   The first lawsuit challenging the Merger was filed on April 7, 2011 in the Delaware Court of Chancery (the "Delaware Action"), on behalf of the Southeastern Pennsylvania Transportation Authority (the "Delaware Plaintiff").   The crux of the Delaware Action is that the directors of SRA allegedly did not conduct a thorough enough process to obtain the best sale price for the company, and that SRA's Chairman, Ernst Volgenau, breached his duty of loyalty to SRA because he will continue to retain an equity stake in SRA after the proposed going-private transaction.   In addition, in a recently filed Amended Complaint (Am. Compl., *Se. Pa. Trans. Auth., etc. v. SRA Int'l, Inc., et al.*, C.A. No. 6354 (Del. Ch. Apr. 29, 2011) (attached as Ex. D)), the Delaware Plaintiff further claims that certain disclosures in SRA's April 18, 2011 preliminary proxy statement are allegedly inadequate or misleading.   The Delaware Plaintiff alleges claims for: 1) breach of fiduciary duties against SRA's directors; 2) breach of the duty of loyalty against Volgenau and SRA's current CEO, Stanton Sloane; and 3) aiding and abetting breach of fiduciary duties.

3

The Delaware Plaintiff seeks to bring the case as a class action — and in fact has already filed a motion for class certification — on behalf of all holders of common stock of SRA.  In terms of the relief requested, the Delaware Plaintiff seeks additional disclosures, an injunction against the transaction, damages, and other relief, including attorneys' fees.

***The Virginia Action.***   On April 25, 2011, Andrei Sinioukov (the "Virginia Plaintiff") filed a second lawsuit in the United States District Court for the Eastern District of Virginia (the "Virginia Action").  The Virginia Plaintiff is represented by different counsel than the Delaware Plaintiff.  Nevertheless, the crux of the Virginia Action is the same as the Delaware Action.  The Virginia Action claims that the process SRA undertook in connection with the proposed transaction was inadequate; that defendant Volgenau breached his duty of loyalty to SRA; and that the disclosures in SRA's preliminary proxy statement are inadequate.  The Virginia Plaintiff also alleges breach of fiduciary duties and aiding and abetting breach of fiduciary duties, and also seeks to represent a class of SRA stockholders.  The only putative difference between the Virginia Action and the Delaware Action is that the Virginia Plaintiff has also brought a redundant claim under Section 14(a) (and Section 20(a) for control person liability) of the 1934 Exchange Act, on the theory that SRA's preliminary proxy statement — which has not yet been approved by the SEC and has not yet been mailed to stockholders — is allegedly misleading.  This claim is substantively identical to the Delaware Plaintiff's disclosure-based claim under Delaware law.

The Virginia Action seeks largely the same relief as the Delaware Action: certification as a class action; an injunction against the proposed transaction; and other relief, including attorneys' fees.

II.     **The Delaware Court Of Chancery And The Eastern District Of Virginia Should Confer To Decide Which Of These Cases Should Proceed.**

    A.     **A Coordinating Conference Is The Most Efficient And Common Sense Way To Proceed With This Litigation.**

In light of the duplicative nature of the Delaware Action and the Virginia Action, it makes no sense for both actions to proceed simultaneously.  Multi-forum deal litigation — in which multiple lawsuits in multiple jurisdictions challenge the same potential merger or similar transaction — has become a persistent problem.  As Chancellor Chandler recognized, "[j]udges, defense counsel, and the plaintiffs' bar are now routinely confronted with these sorts of disputes and have yet to come up with a workable solution."  *In re Allion*, 2011 WL 1135016, at 4.  "The potential problems" from these multiple lawsuits "are numerous."  *Id.*  "Defense counsel is forced to litigate the same case — often identical claims — in multiple courts."  *Id.*  "Judicial resources are wasted as judges in two or more jurisdictions review the same documents and at times are asked to decide the exact same motions."  *Id.*  "Worse still, if a case does not settle or consolidate in one forum, there is the possibility that two judges would apply the law differently or otherwise reach different outcomes, which would then leave the law in a confused state and pose full faith and credit problems for all involved."  *Id.*

Each of these concerns is manifest here.  Both the Delaware Plaintiff and the Virginia Plaintiff have each filed motions to expedite discovery in their respective cases — each Plaintiff presumably with a goal of advancing its respective case ahead of the other.  If both cases are allowed to proceed, then Defendants will be faced with duplicative and inefficient discovery requests, depositions, motions, hearings, and other obligations — all potentially on an expedited basis.  In addition, if both cases proceed, then both the Delaware Court of Chancery *and* this Court will incur the burden and expense of handling likely contentious litigation.  There is simply no justification for that waste and inefficiency.

Moreover, as Chancellor Chandler warned, there is also the possibility that the Delaware Court of Chancery and this Court will reach different results on identical substantive issues.  *See id.*  Remarkably, both the Delaware Plaintiff and the Virginia Plaintiff identified this risk in their complaints.  As the Delaware Plaintiff pled:

> ***The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants***, or adjudications with respect to individual members of the Class, which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(Del. Compl. ¶ 26 (emphasis added).)  Similarly, the Virginia Plaintiff pled:

> ***The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class***.

(EDVA Compl. ¶ 34 (emphasis added).)  Given that both the Delaware Plaintiff and the Virginia Plaintiff recognize the risk of inconsistent or varying adjudications were multiple cases to proceed in different fora, Defendants have asked both Plaintiffs whether they will join in Defendants' request for a conference between the two Courts.  The Virginia Plaintiff has indicated he does not consent to the motion.  The Delaware Plaintiff has advised Defendants that it has not yet decided whether to take a position on the motion.

Nevertheless, in light of these concerns, this case is a textbook example of a case that would benefit from a conference between this Court and Vice Chancellor Noble, so they may confer and agree upon which case should proceed and which should be stayed.  Defendants have filed this motion in both this Court and the Delaware Court of Chancery, and would welcome the opportunity to facilitate such a conference.

**B.      Defendants Believe That The Delaware Court of Chancery Is The Most Efficient Forum For This Litigation.**

Defendants' primary concern is that this litigation proceed in only one forum — either the Delaware Court of Chancery or this Court, but not both.   But as Defendants explain more fully in their simultaneously filed motion to stay, Defendants believe that this case would be more efficiently litigated in the Delaware Court of Chancery.   The Delaware Action was the first filed case, and it has progressed further than the Virginia Action, as the Delaware Plaintiff has filed a motion for class certification as well as one for expedited discovery.   And even putting that to one side, the issues that will be litigated in this case concern almost exclusively Delaware corporate law.   The Delaware Court of Chancery thus has an intimate familiarity with the legal issues that will arise; notably, the Delaware Court of Chancery is the source of many of the legal rules that will arise in this case.   Put simply, the Delaware Court of Chancery is unique in its familiarity with these types of cases, and it just makes sense for this case to proceed there.

The fact that the Virginia Plaintiff has alleged a violation of Section 14(a) of the 1934 Exchange Act, 15 U.S.C. §78n(a), in no way undermines the justification for proceeding with the Delaware Action and staying the Virginia Action.   The PSLRA requires that discovery on the Section 14(a) claim and pendent state-law claims be stayed until a court determines that the Section 14(a) claim can survive a motion to dismiss, which Defendants do intend to file.   15 U.S.C. § 78u-4b(3)(B) ("In any private action arising under [the 1934 Exchange Act], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . ."); *see, e.g.*, *SG Cowen Sec. Corp. v. U.S. Dist. Court,* 189 F.3d 909, 913 n.1 (9th Cir. 1999) ("Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims." (alteration in original)).   The

7

Delaware Action, by contrast, does not involve a Section 14(a) claim, and thus discovery can proceed in that case according to the normal discovery schedule — which the Delaware Court of Chancery has years of experience implementing in precisely these types of cases.

## CONCLUSION

For all of these reasons, the SRA Defendants request: (i) that this Court and Vice Chancellor Noble hold a conference to discuss which of these two lawsuits should proceed and which, in the interests of efficiency, judicial economy, and comity, should be stayed; and (ii) that the Delaware Action proceed apace, and the Virginia Action be stayed.

Date:   May 5th, 2011                                      Respectfully submitted,


/s/ Craig C. Reilly
Craig C. Reilly (VSB #20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL    (703) 549-5354
FAX    (703) 549-2604
EMAIL craig.reilly@ccreillylaw.com

*Counsel for SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne,  W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail R. Wilensky*

*Of Counsel:*

James P. Gillespie
Robert B. Gilmore
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Suite 1200
Washington, D.C. 20005
TEL (202) 879-5000
FAX (202) 879-5200

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2011, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to the following counsel of record or by email (*):

Steven B. Gould
Jesse D. Stein
BROWN & GOULD, LLP
7700 Old Georgetown Rd.
Suite 500
Bethesda, MD 20814
*Counsel for Plaintiff*

Maeve O'Connor *
moconnor@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
*Counsel for Defendants Providence Equity Partners LLC, Sterling Parent Inc., and Sterling Merger Inc.*

ROBBINS GELLER RUDMAN*
& DOWD LLP
STUART A. DAVIDSON
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
*Counsel for Plaintiff*

John C. Millian *
jmillian@gibsondunn.com
GIBSON DUNN & CRUTCHER
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
*Counsel for Defendant Dr. Ernst Volgenau*

ROBBINS GELLER RUDMAN*
& DOWD LLP
RANDALL J. BARON
A. RICK ATWOOD, JR.
DAVID T. WISSBROECKER
655 West Broadway, Suite 1900
San Diego, CA 92101
*Counsel for Plaintiff*

JOHNSON BOTTINI, LLP*
FRANK A. BOTTINI
501 W. BROADWAY, SUITE 1720
SAN DIEGO, CA 92101
*Counsel for Plaintiff*

/s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL:    (703) 549-5354
FAX:    (703) 549-2604
EMAIL: craig.reilly@ccreillylaw.com
*Counsel for defendants SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail Walensky*

K&E 18929342.6