UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| ANDREI SINIOUKOV, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br>v.<br><br>SRA INTERNATIONAL, INC., *et al.*,<br><br>*Defendants*. | No. 1:11cv447<br>(LO/TRJ) |

**SRA DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

Craig C. Reilly (VSB #20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
EMAIL craig.reilly@ccreillylaw.com

James P. Gillespie, P.C. (*pro hac vice*)
Matthew E. Papez, P.C. (*pro hac vice*)
Robert B. Gilmore (*pro hac vice*)
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793

*Counsel for SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne,
W. Robert Grafton, William T. Keevan, Michael R. Klein,
Dr. Stanton D. Sloane, and Dr. Gail R. Wilensky*

**TABLE OF CONTENTS**

**INTRODUCTION**..................................................................................................................1

**STATEMENT OF FACTS**....................................................................................................2

**ARGUMENT**........................................................................................................................4

    I.    BECAUSE THE COURT SHOULD STAY THIS CASE IN FAVOR OF THE PRIOR-FILED *SEPTA* ACTION, PLAINTIFF'S OVERBROAD REQUEST FOR EXPEDITED DISCOVERY IS UNWARRANTED. ...................4

    II.    PURSUANT TO THE PSLRA, PLAINTIFF IS NOT ENTITLED TO ANY DISCOVERY UNTIL THE LEAD PLAINTIFF PROCESS IS CONCLUDED AND DEFENDANTS' FORTHCOMING MOTIONS TO DISMISS ARE RESOLVED. ...................................................................................7

        A.    Plaintiff's action is subject to a stay of proceedings and discovery pending appointment of lead plaintiff and resolution of motions to dismiss which defendants will be filing. ..........................................................7

        B.    Plaintiff cannot satisfy the exceptions to the PSLRA's stay of discovery. ...............................................................................................9

**CONCLUSION** ....................................................................................................................11

This is the second of two formulaic suits seeking to block stockholders of SRA International, Inc. ("SRA" or the "Company") from exercising their right to vote on whether to approve the company's proposed acquisition (the "Merger") by Providence Equity Partners LLC, Sterling Parent Inc. and Sterling Merger, Inc. (together, "Providence"), which will produce a more-than-50% premium for the shareholders over SRA's unaffected stock price. The first lawsuit was filed on April 7, 2011 in the Delaware Court of Chancery by the Southeast Pennsylvania Transit Authority. *Southeast Pennsylvania Transit Authority v. Ernst Volgenau, et al.*, No. 6354 (Del. Ch.) ("*SEPTA*"). Plaintiff Andrei Sinioukov, who holds just 41 shares of SRA stock, filed this substantially identical lawsuit, together with an "emergency" motion for expedited discovery, two weeks later. There is no basis for granting plaintiff Sinioukov the overbroad discovery on the expedited schedule he demands.

- ***First***, as defendants explained more fully in their papers in support of their motion to confer and alternative motion to stay (Dkt. 18 & 19 (filed May 5, 2011)), it makes no sense for the parties or the courts to allow duplicative litigation to proceed simultaneously in two fora on behalf of the same putative class. Defendants respectfully submit that this Court should stay this action in favor of the prior-filed *SEPTA* case to prevent burdensome, duplicative litigation. Plaintiff's request for overbroad and unwarranted expedited treatment, with its attendant burdens on this Court as well as the parties, underscores the logic of staying this suit, as courts routinely do in analogous circumstances. ***See Section I.***

- ***Second***, plaintiff tacked onto his Complaint federal securities claims under sections 14(a) and 20(a) of the 1934 Exchange Act, in an effort to gain a federal forum and (unsuccessfully) distinguish his case from *SEPTA*. But plaintiff must bear the consequences of that effort: the Private Securities Litigation Reform Act ("PSLRA") mandates that all discovery and other proceedings be stayed pending appointment of lead plaintiff and counsel, and resolution of defendants' forthcoming motions to dismiss plaintiff's defective Complaint; plaintiff cannot show any reason why the PSLRA stay should not apply to these claims. ***See Section II.***

The Court should deny expedited discovery.

## STATEMENT OF FACTS[1]

In 2010, after preliminary discussions with Providence and a strategic buyer regarding a potential transaction, SRA's board of directors (the "Board") formed a special committee of disinterested, independent members (the "Special Committee") to conduct a months-long, exhaustive investigation into potential transactions that would benefit the Company's shareholders. After extensive discussions with multiple parties and a robust sales process, in which *ten* potential financial and strategic acquirers (besides Providence) contacted SRA, *five* of which ultimately submitted bids to acquire the Company, and after the Special Committee conducted a multi-round auction between Providence and another bidder, SRA's board of directors unanimously voted (with Dr. Volgenau abstaining) to recommend to the Company's shareholders the $31.25 per share acquisition proposal from Providence. Providence's "last and best offer" represented a 52.8% premium over the Company's "unaffected" closing stock price on December 31, 2010.

The Special Committee and Providence negotiated a merger agreement (the "Merger Agreement") that has standard deal protection terms and that also permitted SRA's Board to solicit alternate, superior bids following the Merger Agreement's execution, a process which the Company's advisors recently completed, contacting 29 financial and 21 strategic potential bidders (as plaintiff acknowledges, *see* Pl.'s Opp. to Mot. to Continue Hr'g Date at 4 (Dkt. 11)), without any alternate—much less superior—bid emerging.

SRA filed its preliminary proxy statement (the "Preliminary Proxy," attached as Exhibit B to the Brief in Support of SRA Defendants' Motion to Stay) with the SEC on April 15, 2011.

---

[1]  To avoid unnecessary duplication, defendants incorporate by reference the Statement of Facts in their Brief in Support of SRA Defendants' Motion to Stay (Dkt. 19), and summarize salient facts here.

The Preliminary Proxy contains extensive disclosures regarding the terms of the Merger, the sales process and negotiating history leading up to the Merger, and Dr. Volgenau's participation as a equity holder in the taken-private company once the Merger closes. The SEC currently is reviewing and commenting on the Preliminary Proxy, and the definitive proxy solicitation is not expected to be mailed to SRA's shareholders earlier than mid-June 2011, with the shareholder vote regarding the Merger expected no earlier than mid to late July 2011.

As has become nearly automatic following the announcement of a merger or acquisition involving a public company, two separate SRA shareholders, represented by counsel frequently involved in shareholder merger litigation, filed two nearly identical suits after the Merger was announced. On April 7, 2011, the Southeastern Pennsylvania Transportation Authority (which we are advised holds over 2,800 shares of SRA stock) filed a lawsuit in the Court of Chancery of Delaware (captioned *S.E. Pa. Trans. Auth. v. Volgenau, et. al*, Case No. 6354 (Del. Ch.)) purportedly on behalf of itself and a putative class of other stockholders of SRA. The *SEPTA* complaint seeks to enjoin consummation of the merger or, in the event the merger is completed, seeks to rescind the merger or recover money damages on behalf of the Company's stockholders caused by the alleged breaches of fiduciary duties. The *SEPTA* plaintiff has moved for expedited discovery, as well for certification of the class it purports to represent.

On April 25, 2011, plaintiff Andrei Sinioukov filed the instant action. The next day Mr. Sinioukov filed an "emergency" motion for expedited discovery. Mr. Sinioukov is represented by different counsel than is SEPTA, but his allegations here are substantially identical to those in *SEPTA*. The only putative difference between this action and the *SEPTA* suit is that plaintiff here has also brought a claim under section 14(a) of the 1934 Exchange Act (and section 20(a), for control person liability), on the theory that SRA's Preliminary Proxy—which has not yet

been approved by the SEC and has not yet been mailed to shareholders—is allegedly misleading. On May 10, 2011, plaintiff submitted the certification that the PSLRA requires for every putative securities class action. The certification revealed that plaintiff holds only 41 shares of SRA common stock, which at the $31.25 proposed merger price would be valued at $1281.25. As of the time of the Preliminary Proxy, SRA has 58.4 million shares of common stock outstanding, which at the merger price values the Merger at more than $1.8 billion.

## ARGUMENT

I. **BECAUSE THE COURT SHOULD STAY THIS CASE IN FAVOR OF THE PRIOR-FILED *SEPTA* ACTION, PLAINTIFF'S OVERBROAD REQUEST FOR EXPEDITED DISCOVERY IS UNWARRANTED.**

This is the second of two virtually identical suits against SRA and other parties seeking to enjoin the same transaction—the pending Merger between SRA and Providence. Consequently, defendants have filed a motion to confer and an alternative motion to stay this action in its entirety pending resolution of the first-filed shareholder suit in the *SEPTA* case. As discussed in defendants' stay papers, both *SEPTA* and this subsequent case both seek to enjoin the same transaction or money damages in the event the Merger closes. Both involve functionally identical parties and claims. Both seek the same relief. (*See* Dkt. 19, Brief in Support of SRA Defs.' Mot. to Stay at 7-10 (chart detailing parallel nature of parties, claims and factual allegations in this action and *SEPTA*).)

Under the "first-filed" or "first-to-file" rule, the court first to obtain jurisdiction generally "should have priority." *See Ellicott Mach. Corp. v. Modern Welding Co., Inc.,* 502 F.2d 178, 180 n.2 (4th Cir. 1974) (quoting *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 423 (2d Cir. 1965)). Just last year, Judge Brinkema stayed a very similar case in favor of a prior-filed suit in the Delaware Court of Chancery. *See, e.g.*, *Cohen v. Hillman, et al.*, No. 1:10cv237, Order & Hr'g Tr. (E.D. Va. Apr. 30, 2010) (Brinkema, J.) (staying case that included section 14(a) claim

4

in favor of case pending in Delaware Court of Chancery and challenging the same potential transaction) (Dkt. 19-1, attached as Exhibit A to the Brief in Support of SRA Defendants' Motion to Stay).  Other courts have stayed similar cases where a prior-filed suit concerning the same subject matter is pending in the Delaware Chancery Court, even where, as here, the plaintiff in the subsequent federal suit has tacked on federal securities claims challenging proxy disclosures under section 14(a) of the 1934 Exchange Act.  *See, e.g., Int'l Jensen Inc. v. Emerson Radio Corp.*, No. 96 C 2816, 1996 WL 494273, at \*4-\*6 (N.D. Ill. Aug. 27, 1996).  And as Chancellor Chandler of the Chancery Court has recently observed, where multiple suits challenging a merger have been filed, it makes no sense to have the litigation proceed in different fora.  *See In re Allion Healthcare Inc. S'holder Litig.*, Civ. A. No. 5022-CC, 2011 WL 1135016, at \*4-\*5 (Del. Ch. Mar. 29, 2011).

Accordingly, this Court should not grant the relief plaintiff now seeks (or any other affirmative relief), but rather should stay this case pending the resolution of the first-filed *SEPTA* case.  Not doing so would unnecessarily require both this Court, as well as the Defendants, to expend time and resources addressing the same dispute in multiple fora—precisely the inefficiency that a stay of subsequent, duplicative litigation is intended to avoid.  At the very least, the Court should hold plaintiff's motion for expedited discovery in abeyance pending resolution of Defendants' motion to stay.

Moreover, it bears emphasis that the expedited discovery plaintiff requests in his motion is far from narrow or limited.  Plaintiff requests extensive document production on an expedited basis, and asks to depose five witnesses within three weeks' time, which will impose considerable burden and expense on Defendants.  *Cf. In re Yahoo! Inc. S'holders Litig.*, No. Civ. A. 3651-CC, 2008 WL 2627851, at \*1 (Del. Ch. June 16, 2008) (recognizing that expedition

5

"impose[s] upon the counterparty and the Court . . . substantially increased burdens of time, effort, and expense."). This Court just last year denied a similarly overbroad request for expedited discovery, filed by these same attorneys in another shareholder suit challenging a pending merger. *See Sullivan v Argon ST, Inc.*, No. 1:10cv0750 (CMH/JFA), Order (E.D. Va. July 23, 2010) (Dkt. 24) (attached as Exhibit A); *see also id.* Hr'g Tr. at 15 (Dkt. 25) (attached as Exhibit B) ("I'm not quite sure what the plaintiff means by 'limited discovery' in its motion, but the discovery that it has set forth in its motion is certainly not narrow or focused on whatever issues that may have been relevant to a motion for a preliminary injunction, which is yet to be filed, and, you know, I'm not sure whether it ever will be filed."). And other courts repeatedly have denied requests for expedited discovery like this one where "the discovery requested is not ***narrowly tailored*** to obtain information relevant to a preliminary injunction determination." *Dimension Data N. Am., Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 532 (E.D.N.C. 2005) (denying motion for expedited discovery on the basis of, *inter alia*, overly broad discovery requests) (emphasis added). *See also Al Nawasi Trading Co. v. BP Amoco Corp.*, 191 F.R.D. 57, 59 (S.D.N.Y. 2000) (denying motion where "requested discovery . . . is both broad and intrusive"); *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) ("[T]he plaintiff's discovery request is a broadside not reasonably tailored to the time constraints under which both parties must proceed or to the specific issues that will have to be determined at the preliminary injunction hearing.") The discovery now sought is not narrow, and should not be expedited.

Given that the burden of expedited discovery will be for the sake of duplicative litigation, brought by a plaintiff holding just 41 shares of SRA common stock, Mr. Sinioukov's requests for expedited discovery further illustrate the compelling reasons for staying this litigation.

**II.   PURSUANT TO THE PSLRA, PLAINTIFF IS NOT ENTITLED TO ANY DISCOVERY UNTIL THE LEAD PLAINTIFF PROCESS IS CONCLUDED AND DEFENDANTS' FORTHCOMING MOTIONS TO DISMISS ARE RESOLVED.**

   **A.   Plaintiff's action is subject to a stay of proceedings and discovery pending appointment of lead plaintiff and resolution of motions to dismiss which defendants will be filing.**

Plaintiff's motion for expedited discovery should be denied for the separate and independent reason that the PSLRA, 15 U.S.C. § 78u-4, provides both a process for appointment of lead plaintiff and class counsel, during which proceedings should be held in abeyance, as well as a mandatory stay of discovery pending resolution of motions to dismiss securities claims. *See* 15 U.S.C. § 78u-4(a)(3)(B), (b)(3)(B).

*First*, the PSLRA requires an involved process for appointment of lead plaintiffs in putative securities class actions:[2] the first plaintiff to file a securities class action must circulate a notice within 20 days of the complaint, any class member seeking lead plaintiff status must file a motion within 60 days of the notice's circulation, and a court must issue an order appointing lead plaintiff and lead class counsel within 90 days of the notice. *See id.* § 78u-4(a)(3)(B). This process applies to class actions involving section 14(a) and 20(a) claims, *see California Public Employees' Retirement System v. Chubb Corp.*, 127 F. Supp. 2d 572, 576 (D.N.J. 2001), *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). Here, to defendants' knowledge, plaintiff has not even begun the process that the PSLRA requires, and there is no basis for the Court to permit this one individual to begin taking actions on behalf of a putative class that he may well not end up representing as lead plaintiff (let alone an adequate representative of a properly-certified class).

---

[2]  Plaintiff's complaint is pled as a class action. (Dkt. 1, Compl. ¶ 1 (Plaintiff Andrei Sinioukov ("Plaintiff") files this direct shareholder class action complaint on behalf of the public shareholders of SRA International, Inc….."); *id.* ¶ 28 ("Plaintiff brings this action individually and as a class action on behalf of all holders of SRA common stock").)

7

*See In re Cyberonics Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006) ("Until such time as the publication of notice and selection of lead plaintiff is made, the case will be stayed.").

***Second***, the PSLRA also provides that "[i]n any private action arising under [the 1934 Exchange Act], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . ." 15 U.S.C. § 78u-4(b)(3)(B). Staying discovery while a court evaluates whether the complaint states a claim is consistent with the Supreme Court's teaching that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Yet here, plaintiff seeks to engage in burdensome discovery ***immediately***, before the Court has even had an opportunity to evaluate the sufficiency of the Complaint.[3]

Particularly in light of the PSLRA, plaintiff's demand for a race to discover its way into a proper lawsuit is unwarranted, and there is no persuasive reason for the Court to deviate from the PSLRA and the Supreme Court's reasoning. Plaintiff's sections 14(a) and 20(a) claims are subject to the PSLRA's mandatory stay of discovery. *See In re Countrywide Financial Corp.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)*; In re Marvell Tech. Group Ltd. Derivative Litig.*, C-06-03894 RMW, 2007 WL 1545194, *2 (N.D. Cal. May 29, 2007). In addition, the Court has the power to stay discovery regarding the related state claims that plaintiff has brought. *See SG Cowen Secs. Corp. v. U.S. Dist. Court,* 189 F.3d 909, 913 n. 1 (9th Cir. 1999). Because

---

[3] Notably, the PSLRA discovery stay applies even though defendants have not yet, but intend to, move to dismiss, *see In re DPL, Inc. Secs. Litig.*, 247 F. Supp. 2d 946, 947 n.4 (S.D. Ohio 2003) (PSLRA discovery stay applied where defendants "indicated that they anticipate moving to dismiss"); *In re Trump Hotel S'holder Derivative Litig.*, No. 96 Civ. 7820, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) (PSLRA discovery stay applied to claims under section 14 of the 1934 Exchange Act and to state law claims, where defendants anticipated moving to dismiss).

plaintiff's state law claims cover the exact same subject matter as his federal claims — the process and negotiation of the Merger and how that is disclosed in the Preliminary Proxy — staying *all* discovery vindicates the purpose of the PSLRA stay. *See id.* ("Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims.") (quotations omitted).

### B. Plaintiff cannot satisfy the exceptions to the PSLRA's stay of discovery.

While plaintiff may attempt to invoke the PSLRA's exceptions to the stay of discovery, the Court should reject any such effort. The statute provides that a district court may lift the stay if it finds that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). However, plaintiff has not, and cannot, meet this required showing. Plaintiff has not argued that he needs expedited discovery in order to preserve evidence, which, in any event, the PSLRA obligates defendants to do, *see* 15 U.S.C. § 78u-4(b)(3)(C). Nor can plaintiff demonstrate that he will suffer undue prejudice unless the Court lifts the stay of discovery. *First*, the exact subject matter of plaintiff's claims is being litigated in the *SEPTA* action in the Delaware Court of Chancery, in which discovery is not subject to the PSLRA stay, by a plaintiff (SEPTA) with an exponentially larger stake than the 41 shares at issue here. While defendants vigorously dispute that either *SEPTA* or this suit have any merit, whatever the plaintiff in the Delaware suit achieves will benefit the plaintiff here as a SRA shareholder. The only difference of significance between the two suits is that this action asserts federal securities claims, which are nothing more than a repackaging of the state law claims in a lawyer-driven effort to stand apart from the first-filed Delaware suit. That this plaintiff chose to pursue 14(a) and 20(a) claims for tactical reasons hardly constitutes a basis for arguing undue prejudice.

9

*Second*, nowhere does plaintiff explain why he faces the threat of any harm (let alone harm justifying expedited proceedings) based on the Preliminary Proxy. *See Religious Tech. Ctr. v. Lerma*, 897 F. Supp. 260, 262 (E.D. Va. 1995) (considering, *inter alia*, likelihood of success on the merits and potential harm in denying motion for expedited discovery). Preliminary proxy statements are sent to the SEC for comment as part of an iterative process; unlike final proxy statements, they are not meant to be final statements designed to solicit shareholder votes. Plaintiff's disclosure claims here amount to nothing more than allegations that SRA might someday issue a proxy statement in a manner that might not comply with applicable law and might cause shareholders to vote on a merger without sufficient information. But SRA's Preliminary Proxy has not even been approved by the SEC, let alone mailed to shareholders, and no vote on the Merger Agreement has yet been scheduled. Accordingly, time is not of the essence at this point, and plaintiff does not face any undue prejudice by having discovery on claims arising out of the nonoperative Preliminary Proxy be stayed.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court deny Plaintiff's motion for expedited discovery, and stay all proceedings in this action in favor of the prior-filed *SEPTA* suit in the Delaware Court of Chancery.

Date:   May 10, 2011                            Respectfully submitted,


                                                 /s/ *Craig C. Reilly*
                                                Craig C. Reilly (VSB #20942)
                                                111 Oronoco Street
                                                Alexandria, Virginia 22314
                                                TEL (703) 549-5354
                                                FAX (703) 549-5354
                                                EMAIL craigreilly@ccreillylaw.com

                                                *Counsel for SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail R. Wilensky*

*Of Counsel :*

James P. Gillespie, P.C. (*pro hac vice*)
Matthew E. Papez, P.C. (*pro hac vice*)
Robert B. Gilmore (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
(202) 879-5190

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May 2011, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing sent to the following counsel of record through the CM/ECF system or by e-mail [*]:

Steven B. Gould
Jesse D. Stein
BROWN & GOULD LLP
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814

Randall J. Baron*
A. Rick Atwood, Jr.*
David T. Wissbroecker*
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Attorneys for Plaintiff*

Stuart A. Davidson*
Cullin A. O'Brien*
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432

*Attorneys for Plaintiff*

Maeve O'Connor*
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
*Attorney for Defendants Providence Equity Partners LLC, Sterling Parent Inc., Sterling Merger Inc., and Sterling Holdco Inc.*

Frank A. Bottini*
JOHNSON BOTTINI LLP
*501 West Broad*way, Suite 1720
San Diego, CA 92101

*Attorney for Plaintiff*

John C. Millian**
Stephen Glover*
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8213
Fax: (202) 530-9566

*Attorneys for Defendant Dr. Ernst Volgenau*

Dated:  May 10, 2011

　　/s/ *Craig C. Reilly*　　　　　　　　　　
Craig C. Reilly (VSB #20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-5354
EMAIL craigreilly@ccreillylaw.com

*Counsel for SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne,  W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail R. Wilensky*