UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREI SINIOUKOV, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br>v.<br><br>SRA INTERNATIONAL, INC., *et al.*,<br><br>*Defendants*. | No. 1:11cv447<br>(LO/TRJ) |

# SRA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY

**TABLE OF CONTENTS**

**INTRODUCTION**......................................................................................................................1

**ARGUMENT**............................................................................................................................3

    I.    PLAINTIFF'S INCLUSION OF A SECTION 14(A) FEDERAL SECURITIES LAW CLAIM DOES NOT MAKE THIS ACTION "SUBSTANTIALLY DIFFERENT" FROM THE DELAWARE ACTION. ..................................................................................................3

    II.    THIS ACTION MUST BE STAYED IN ANY EVENT PENDING PLAINTIFF'S COMPLIANCE WITH THE PSLRA. ............................................9

**CONCLUSION** ........................................................................................................................12

i

For all of its bluster, Plaintiff Sinioukov's response confirms that there is no real dispute about the facts underlying the SRA Defendants' Motion to Stay. Mr. Sinioukov confirms that the lawsuit in this Court was filed weeks after a lawsuit was filed in Delaware on behalf of the same shareholders (*see* May 16, 2011 Pls. Omnibus Opp'n Stay/Confer ("Opp'n") at 9) (Dkt. No. 32), making this lawsuit the ***second-filed*** action purporting to vindicate the ***same rights*** of the ***same shareholders*** arising from ***same merger*** already being actively litigated in Delaware.

Plaintiff does not — and cannot — really dispute the common sense notion that, once an action is pending in one court, the courts receiving the second, third, and fourth piggy-back lawsuits typically stay such proceedings to avoid the obvious inefficiency and potential abuse of allowing serial follow-on lawsuits to proceed in multiple forums. That pragmatic rule animated this Court's decision in *Cohen v. Hillman, et al.*, No. 1:10cv237, Order & Hr'g Tr. (E.D. Va. Apr. 30, 2010) (attached as Exhibit A to Motion) (staying second-filed federal action in favor of Delaware action notwithstanding presence of 14(a) claim), and Plaintiff does not even attempt to tell this Court why it should ignore its own precedent on this issue.

Plaintiff's argument against a stay relies on the very litigation tactic that this Court considered and rejected in *Cohen* — adding a federal securities claim to otherwise indistinguishable state court claims to avoid a stay. Litigants cannot upend active state court litigation by rewriting a state court complaint, grafting a securities law claim onto the end, filing in federal court, and demanding to proceed with litigation that is, in all substantial respects, identical to concurrent state court litigation. That is what Mr. Sinioukov has done here and this Court has joined good company in rejecting this sort of maneuver to avoid the plainly justified stay of this case. In both cases, shareholders of a Delaware corporation are raising claimed violations of Delaware law by directors of that Delaware corporation who will defend

themselves by showing compliance with Delaware law.  The SRA Defendants and the Delaware plaintiffs have already engaged in expedited discovery in Delaware Chancery Court, as is the practice in that forum.  Allowing duplicative expedited litigation in this forum would squander the judicial economy that may be gained in Delaware.

If anything, Plaintiff's maneuver of adding a federal securities claim demonstrates why a stay of this litigation is so appropriate: ***federal statutory securities law provides an alternative ground for the relief SRA Defendants seek in this motion*** — an alternative ground that he did not address in his response.  A stay of this litigation — a stay that Plaintiff decries as a "depriv[ation]" of the "fundamental rights" of the shareholders of SRA (Opp'n at 1-2) — is, in fact, *mandated* by the very federal statutes he invokes for relief.  The claims that Plaintiff asserts, purportedly on behalf of SRA shareholders, cannot possibly be prejudiced by a stay because the Private Securities Litigation Reform Act ("PSLRA") *requires* that this case be stayed.  By statute, this action *must* be stayed because Plaintiff and his counsel have not yet complied with the PSLRA's mandatory procedure for the appointment of a lead plaintiff, because his complaint does not satisfy the pleading standards dictated by federal securities law to survive the motion to dismiss that SRA Defendants will file, and because the statute stays all discovery pending resolution of dismissal motions.  ***Defendants made all of this clear in their Motion, and Plaintiff did not say word one about why the PSLRA stay should not apply***.  Even if this Court was not already persuaded to grant this stay by common sense and principles of judicial economy, the federal securities statutes independently require this Court to stay the case.

At its core, this case presents a simple question: whether the claims against Defendants can proceed in the first-filed forum, the second filed forum, or both.  That Mr. Sinioukov (a holder of just 41 shares of SRA stock) insists the last scenario is the only acceptable one reflects

his stark indifference to the resources of the litigants and this Court — and is simply a hallmark of lawyer-driven tactics and priorities. Plaintiff even goes so far as to attack the sensible solution posed by Chancellor Chandler of a judicial telephone conference based on ethics grounds. But he cannot dispute the inescapable fact that allowing duplicative actions in multiple forums wastes time, effort and resources, and this Court should grant a temporary stay for that reason.

## ARGUMENT

**I. PLAINTIFF'S INCLUSION OF A SECTION 14(A) FEDERAL SECURITIES LAW CLAIM DOES NOT MAKE THIS ACTION "SUBSTANTIALLY DIFFERENT" FROM THE DELAWARE ACTION.**

It is axiomatic that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Motions to stay are granted by "a power inherent in the courts under their general equity powers and in the efficient management of their dockets." *PBM Nutritionals, LLC v. Dornoch Ltd.*, 667 F. Supp. 2d 621, 631 (E.D. Va. 2009) (quotations omitted). Such motions are often "justified when a similar action is pending in another court" since courts universally seek "to avoid conflicting judicial opinions and to promote judicial efficiency" and employ "extensive discretion in the framing of an order to achieve the court's goal and to protect the parties from any possible prejudicial effects that might result from a stay." 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1360 (3d ed. 2010 update). To determine whether to stay a federal proceeding in favor of a concurrent state court litigation, the court "must first determine whether the state and federal proceedings are parallel," and then consider whether deference to the state court is warranted. *Copeland v. Copeland*, 134 F.3d 362, 1998 WL 45445, at *1 (4th Cir. 1998). In this context, "parallel" does not mean "identical," as Plaintiff implies.

3

Although he is trying to show that a stay would be improper under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976), Plaintiff acknowledges that the threshold requirement of "parallel" concurrent state and federal litigation exists "if ***substantially*** the same parties litigate ***substantially*** the same issues in different forums." *Copeland,* 1998 WL 45445*,* at *1 (emphasis added). (*See* Opp'n at 6.)  Tellingly, Plaintiff makes no argument that the ***substance*** of its lawsuit here is any different than the ***substance*** of the Delaware Action.  He does not even mention, much less dispute, the detailed comparative chart setting forth the substantial similarities of the Virginia and Delaware Actions in SRA Defendants' Motion to Stay.  (May 5, 2011 SRA Br. in Supp. of Mot. for Stay ("Mot.") at 7-10 (Dkt. No. 19).)  Since "[t]he parties need not be identical for the suits to be parallel" and "the issues need only be substantially similar, not identical," *Baseline Sports, Inc. v. Third Base Sports*, 341 F. Supp. 2d 605, 608 (E.D. Va. 2004), Plaintiff's silence as to substantive similarities between these lawsuits is a plain concession that the two are, in all material respects, parallel.

The real heart of Plaintiff's claim is that the SRA directors breached their fiduciary duties by omitting material information from the Preliminary Proxy, allegations that are interspersed throughout the state law and federal law claims that Mr. Sinioukov asserts. (*See* Compl. ¶¶ 49, 56, 69 (Dkt. No. 1).)  And the same allegations form the core of the Delaware Action.  Mr. Sinioukov and the Delaware plaintiff even allege that the Preliminary Proxy lacked ***the same material facts***, namely details concerning financial information given to Providence and other bidders, details concerning Dr. Volgenau's option, Houlihan Lokey's potential conflict of interest, and details concerning negotiations. (*Compare* Compl. ¶ 48 with Am. Delaware Compl. (Ex. D to Mot.) ¶¶ 92, 93, 95, 98, 99.)  Plaintiff has attempted to repackage the inadequate-disclosure allegations under Section 14(a) of the Securities and Exchange Act of 1934 (Opp'n at

4

6-7), but there is no daylight between the state and federal law claims. The standard for materiality of a fact omitted from a proxy statement is the same under both Section 14(a) and Delaware law. *See TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976) (in Section 14(a) claims, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."); *Rosenblatt v. Getty Oil Co.*, 493 A.2d 929, 944 (Del. 1985) ("[I]t is clear from the Delaware cases that the materiality standard of *TSC Industries* . . . applies."). Notably, Plaintiff essentially concedes that the same facts and the same law are involved by claiming that the alleged material omissions serve as a basis for both his fiduciary duty claims (Compl. ¶¶ 50, 54, 56), and his Section 14(a) claims (*id.* ¶¶ 66-73), and seeking the same injunctive relief under both claims (*id.* ¶¶ 56, 64, 73, 81 (claiming irreparable harm justifying injunctive relief on all claims)). Thus, it cannot be gainsaid that these actions are "parallel."

Moreover, Mr. Sinioukov faces a far higher burden litigating in this Court than does the Delaware plaintiff, because the PSLRA imposes a heightened pleading standard on Section 14(a) claims. That law requires Plaintiff to plead far more than he has done here:

> [T]he complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

15 U.S.C. § 78u-4(b)(1); *Hayes v. Crown Cent. Petroleum Corp.*, 78 Fed. Appx. 857, 861 (4th Cir. 2003) (applying PSLRA pleading requirements to a Section 14(a) claim). If this action proceeds in this forum, the SRA shareholders that Plaintiff purports to represent, and this Court, will be required to spend time and resources pursuing the dubious possibility that there is some sort of federal securities claim that can actually be stated in this case. SRA shareholders face no such requirement in the Delaware Action.

Plaintiff's relabeling of its state law claim for inadequate disclosure is nothing more than an attempt to evade the logical, sensible rule that the second-filed action is stayed pending the outcome of the first. As noted, this Court has already rejected this very tactic in *Cohen v. Hillman, et al.*, No. 1:10cv237, Order & Hr'g Tr. (E.D. Va. Apr. 30, 2010). In doing so, this Court joined good company for good reason, rejecting attempts to restyle a state law claim under federal law to engage in forum shopping. *See Int'l Jensen Inc. v. Emerson Radio Corp.*, No. 96 C 2816, 1996 WL 494273, at *4-*6 (N.D. Ill. Aug. 27, 1996) ("Emerson is attempting to litigate what is essentially the same claim under two different laws in two different systems; Delaware common law in Delaware court and the [Section 14(a) claim arising under the] 1934 Act in this court."); *McCreary v. Celera Corp.*, No. 11-1618-SC, 2011 WL 1399263 (N.D. Cal. Apr. 13, 2011) (deferring to Delaware proceeding where plaintiff "also asserted a claim under section 14(e) of the Exchange Act based on the same facts underlying his state law claims" because the actions were "substantially similar" where "[b]oth allege that [defendant's] directors breached their fiduciary duties by approving the proposed acquisition and that all Defendants made false or misleading disclosures about the transaction in proxy statements filed with the Securities and Exchange Commission"). (*See also* Mot. at 12 n.4 (collecting similar cases).) This court should reach the same conclusion here as it did in *Cohen*.

Plaintiff's repeated suggestion that the lack of a jury trial in Delaware Chancery Court somehow deprives him of a substantive right is a red herring. Mr. Sinioukov seeks injunctive relief for both his federal securities law claims and his fiduciary duty claims. (Compl. ¶ 57, 64-65, 73, 81.) Whether to grant such injunctive relief will be decided by a judge, not a jury, whether in this Court or in Delaware. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) ("It is settled law that the Seventh Amendment does not apply" to

6

"suits seeking only injunctive relief."). It is no wonder that the courts in *McCreary*, *Jensen*, and *Cohen* did not hear or consider this argument. In any event, Plaintiff's right to a jury trial will not be prejudiced by a stay pending the outcome of the Delaware Action. Even if this Court granted a stay and the Delaware court were to deny the preliminary injunction, Mr. Sinioukov would always have the option to ask this Court to lift the stay in order to pursue monetary damages before a jury.

The balancing of the relevant factors that Plaintiff urges is off kilter, because he ignores the most critical factors (scarcity of judicial resources) and invents new factors that he hopes will tip the scales in his favor. To defer to parallel state court litigation, federal courts consider "the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent" forums, along with the question of "whether state or federal law is implicated and whether the state court proceedings are adequate to protect the parties' rights." *Sto Corp. v. Lancaster Homes, Inc,* 11 Fed. Appx. 182, 186 (4th Cir. 2001) (quotations omitted). Of course, such factors must be considered "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* at 188 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 2 (1983)). Plaintiff's purported balancing of these factors is anything but pragmatic and flexible.

Plaintiff's suggestion that the convenience and adequacy of the Virginia forum weighs against a stay (*see* Opp'n at 8, 10), is belied by the rapid clip at which discovery is proceeding in Delaware:

- The parties have negotiated and agreed upon a protective order that has been entered by the Chancery Court. (*See* May 13, 2011 Stipulation and Order Governing the Protection and Exchange of Confidential Information (attached as Exhibit A).)

7

- SRA Defendants have produced SRA board meeting minutes, presentations, and materials to the Delaware plaintiff, agreed to produce other documents as well, and are negotiating a protocol for identifying additional responsive documents.

- The parties have agreed to expedited depositions of Defendants Volgenau, Sloane, and Klein, and corporate representatives for Providence and Houlihan Lokey, all within a 10-14 day window in June.

- The Chancery Court has scheduled a preliminary injunction hearing for either June 30, 2011 or July 13, 2011.

This activity contrasts with Plaintiff's case, where the PSLRA's mandatory stay would prevent any discovery from occurring for at least an initial period, while the lead counsel selection and briefing on the dismissal of the federal securities claims proceeds.  *See* Part II.

The other factors discussed by Plaintiff also weigh in favor of a stay.  The "order in which jurisdiction was obtained by the concurrent" state and federal courts militates in favor of allowing the first-filed Delaware lawsuit to proceed to completion.  Mr. Sinioukov's characterization of their lawsuit as "contemporaneous" is sophistry, as Mr. Sinioukov concedes that this action is the second-filed action to pursue the same claims. (*See* Opp'n at 9.)  There is no dispute that the state law claims are governed by Delaware law, again counseling in favor of the stay, and yet Plaintiff does not even mention this factor in the analysis.  Of course, allowing this action to proceed would result in substantial duplication of efforts, waste of resources, and piecemeal litigation, a point that Plaintiff can only bring himself to argue should not be dispositive in itself. (*See id.*)  Mr. Sinioukov's collection of "other factors" appears to be little more than a collection of strawman arguments that no party has made — that foreign courts are "incapable" of adjudicating Delaware corporate law, that foreign courts should grant a stay based on "the mere whims of Delaware litigants" — that are as easy for Plaintiff to defeat as for this Court to ignore. (*See id.* at 10-11.)  Interspersed in those arguments are statements that Plaintiff cannot explain or defend — that "[n]o . . . threat exists" of inconsistent judgments if

8

simultaneous litigation proceeds, that a Delaware Court would allow an unfair settlement to be reached in a "reverse auction" — and so Mr. Sinioukov leaves them as unexplained say-so. (*Id.* at 11-12.) As the SRA Defendants pointed out in their Motion to Stay, Plaintiff's argument that there is no threat of inconsistent judgments is belied ***by Plaintiff's own complaint***, in which he alleged that "*[t]he prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications* . . . ." (Compl. ¶ 34) (emphasis added.) And the assertion that the Chancery Court — a court well-known for its experience and sophistication in handling suits challenging mergers and acquisitions — would fail in its obligation to properly supervise and review a proposed settlement, does not merit a response. In short, none of these factors point toward allowing duplicative lawsuits along parallel tracks.

As the holder of 41 shares of SRA stock (*see* May 11, 2011 PSLRA Certification [Dkt. No. 31-1]), Mr. Sinioukov will not be prejudiced by a stay of this action in favor of the action brought in Delaware by Southeastern Pennsylvania Transportation Authority, holder of 2,847 shares of the Company. Both are putative stockholder class actions arising out of the same proposed merger, asserting substantially the same claims, and seeking the same relief against the same individual defendants and nearly identical corporate defendants. The Delaware Action, if successful, would afford Plaintiff the same relief as would this lawsuit — injunctive and declaratory relief. Sinioukov's rights are therefore represented in the Delaware Action, and he can offer no good reason why he must be permitted to pursue his later-filed, duplicative case.

## II.   THIS ACTION MUST BE STAYED IN ANY EVENT PENDING PLAINTIFF'S COMPLIANCE WITH THE PSLRA.

Of course, Plaintiff's descriptions of the prejudice he will suffer by the imposition of a stay are belied by the simple fact that the inclusion of the federal securities law claims requires a stay of all proceedings at the outset of the litigation when, as here, the claimant has failed to

comply with the basic prerequisites of the claims he asserts. The PSLRA mandates a detailed procedure for the appointment of the lead plaintiff in this case:

- ***Within 20 days after the filing of the first complaint***, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service. 15 U.S.C. § 78u-4(a)(3)(A)(i).

- The notice must advise class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff ***within 60 days of publication of the notice***. *Id.*

- ***Within 90 days after publication of the notice***, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B).

None of these prerequisites appear to have been followed here. Plaintiff has not published the required notice or otherwise complied with the PSLRA's procedure for appointment of lead counsel. The Court cannot appoint a lead plaintiff until after Mr. Sinioukov publishes adequate notice, and only then may Plaintiff attempt to rebut the PSLRA's presumption that he should not be lead plaintiff because he does not have a significant — let alone the largest — block of SRA shares. Even if this action were allowed to proceed given this non-compliance, this action will effectively be stayed until Plaintiff complies with the PSLRA and a proper lead plaintiff is appointed. *See In re Cyberonics Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006) (staying proceedings until the lead plaintiff was appointed according to the PSLRA). The Court cannot simply skip these statutorily mandated steps.

Separately, the PSLRA imposes a stay of discovery pending resolution of motions to dismiss securities claims. *See* 15 U.S.C. § 78u-4b(3)(B). The PSLRA's automatic discovery stay applies here because Defendants have indicated that they intend to move to dismiss. *See In re DPL, Inc. Sec. Litig.*, 247 F. Supp. 2d 946, 947 n.4 (S.D. Ohio 2003); *In re Trump Hotel S'holder Litig.*, No. 96 Civ. 7820, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997). The

PSLRA's mandatory discovery stay applies to both Mr. Sinioukov's federal securities claims and the related state law claims. *See SG Cowen Sec. Corp. v. U.S. Dist. Court*, 189 F.3d 909, 913 n.1 (9th Cir. 1999) ("Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims.") (alterations in original and quotations omitted).  For this reason, too, all discovery in this case should be stayed pending resolution of Defendants' forthcoming motions to dismiss.

None of this should come as any surprise to Plaintiff.  SRA Defendants Motion for Stay cited, relied on, and explained that the PSLRA was an independent basis to stay this proceeding — not just the federal law claims, but the entirety of the case — and discussed the caselaw, statutes, and rules governing the question. (Mot. at 13-14.)  Yet Plaintiff's opposition is silent on the issue.  Plaintiff conspicuously fails to address his noncompliance with the requirements of the Act that serves as the basis of his lawsuit.  By failing to contest that the PSLRA directs a stay of these proceedings, Plaintiff has effectively conceded the argument.  *Cf. Webster Cnty. Lumber Co., Inc. v. Wayne*, 61 Fed. Appx. 63, 67 n. 4 (4th Cir. 2003) (litigant waived argument that parties were state actors where argument was not made in litigant's opening brief but was raised for the first time at oral argument).

## CONCLUSION

For the foregoing reasons, as well as those stated in the opening brief, the SRA Defendants' Motion to Stay should be granted.

Date:  May 18, 2011                               Respectfully submitted,


    /s/ *Craig C. Reilly*
Craig C. Reilly (VSB #20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-5354
EMAIL craigreilly@ccreillylaw.com

*Counsel for SRA Defendants: SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail R. Wilensky*

*Of Counsel :*

James P. Gillespie, P.C. (*pro hac vice*)
Matthew E. Papez, P.C. (*pro hac vice*)
Robert B. Gilmore (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
(202) 879-5190

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 18th day of May 2011, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to the following counsel of record or by email (*):

Steven B. Gould
Jesse D. Stein
BROWN & GOULD, LLP
7700 Old Georgetown Rd.
Suite 500
Bethesda, MD 20814
*Counsel for Plaintiff*

ROBBINS GELLER RUDMAN*
& DOWD LLP
STUART A. DAVIDSON
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
*Counsel for Plaintiff*

ROBBINS GELLER RUDMAN*
& DOWD LLP
RANDALL J. BARON
A. RICK ATWOOD, JR.
DAVID T. WISSBROECKER
655 West Broadway, Suite 1900
San Diego, CA 92101
*Counsel for Plaintiff*

JOHNSON BOTTINI, LLP*
FRANK A. BOTTINI
501 W. BROADWAY, SUITE 1720
SAN DIEGO, CA 92101
*Counsel for Plaintiff*

Robert E. Scully, Jr.
STITES & HARBISON, PLLC
1199 N. Fairfax Street, Suite 900
Alexandria, Virginia 22314
rscully@stites.com
*Counsel for Defendants Providence Equity Partners LLC, Sterling Parent Inc. and Sterling Merger Inc.*

Maeve O'Connor *
moconnor@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
*Counsel for Defendants Providence Equity Partners LLC, Sterling Parent Inc., and Sterling Merger Inc.*

John C. Millian *
jmillian@gibsondunn.com
GIBSON DUNN & CRUTCHER
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
*Counsel for Defendant Dr. Ernst Volgenau*

       /s/ Craig C. Reilly
       Craig C. Reilly VSB # 20942
       111 Oronoco Street
       Alexandria, Virginia 22314
       TEL: (703) 549-5354
       FAX: (703) 549-2604
       EMAIL: craig.reilly@ccreillylaw.com
       *Counsel for defendants SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail Walensky*