# EXHIBIT A



**GRANTED**

EFiled:  May 13 2011  9:19AM EDT
Transaction ID 37565762
Case No. 6354-VCN

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, individually, and on behalf of all those similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 6354-VCN |
| ERNST VOLGENAU, JOHN W. BARTER, LARRY R. ELLIS, MILES R. GILBURNE, W. ROBERT GRAFTON, WILLIAM T. KEEVAN, MICHAEL R. KLEIN, STANTON D. SLOANE, GAIL R. WILENSKY, SRA INTERNATIONAL, INC., PROVIDENCE EQUITY PARTNERS LLC, STERLING PARENT INC., STERLING MERGER INC. and STERLING HOLDCO INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### STIPULATION AND ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, taking depositions and producing documents;

WHEREAS, these discovery proceedings necessarily involve the production of certain information that the party producing believes to be confidential and sensitive personal, commercial, financial, or business information; and

WHEREAS, certain of the parties are engaged in proprietary activities, and could be harmed if certain non-public personal, business, or other sensitive confidential information or documents were disclosed publicly;

IT IS HEREBY STIPULATED AND AGREED, pursuant to Court of Chancery Rules 5(g) and 26(c), by and among the parties hereto through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Order Governing the Production and Exchange of Confidential Information ("Stipulation and Order") will govern the handling of documents, depositions, deposition transcripts, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among all parties and nonparties to the Litigation (including all copies, abstracts, digests, notes, and summaries thereof, as well as any and all information contained therein or derived therefrom) in connection with discovery in the Litigation (such information is referred to herein as "Discovery Material" and the party or nonparty producing, giving, or exchanging such Discovery Material to be known as the "Producing Party"):

1.     Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if the Producing Party reasonably believes in good faith that such Discovery Material contains non-public and confidential personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation and Order (hereinafter "Confidential Discovery Material").

2.     Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Stipulation and Order if the Producing Party reasonably believes in good faith that such Discovery Material contains trade secrets or other non-public and confidential personal, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation and Order and that would harm the personal, commercial, financial, strategic, or business interests of such Producing Party or its employees, customers or

clients if disclosed to the other parties in this Litigation, or would create a risk of injury to the Producing Party that would not exist in the absence of such disclosure (hereinafter "Highly Confidential Discovery Material").

        3.    A Producing Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as "Confidential" or "Highly Confidential," by notifying, in writing, the party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material, as appropriate. The Receiving Party (as that term is defined in paragraph 20 below) must treat the Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material, as appropriate, from the date of that notification forward, except in the event that the Court vacates the "Confidential" or "Highly Confidential" designation, as the case may be, in accordance with the procedure set forth in paragraph 22 below. The party receiving such notice shall make a reasonable good-faith effort to ensure that any analyses, memoranda, notes or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material or Highly Confidential Discovery Material, as appropriate. A person who has disclosed Discovery Material (or information contained therein) that is subsequently designated as "Confidential" or "Highly Confidential" shall in good faith assist the Producing Party in retrieving such Discovery Material (or information) from all recipients not entitled to receive such Discovery Material under the terms of this Stipulation and Order and prevent further disclosures except as authorized under the terms of this Stipulation and Order.

4.      Information prepared or derived by utilizing "Confidential" or "Highly Confidential" information supplied under this Stipulation and Order shall also be considered "Confidential" or "Highly Confidential" information, as the case may be, under this Stipulation and Order.

5.      The designation of Discovery Material by the Producing Party as "Confidential" or "Highly Confidential" constitutes a representation that such Discovery Material has been reviewed by an attorney for the Producing Party and that there is good cause for the designation.

6.      Discovery Material, or information derived therefrom, may be used only for purposes of this Litigation and may not be used for any other purpose, including without limitation any personal, business, marketing, or commercial purpose.

7.      The designation of Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Stipulation and Order will be made in the following manner by the Producing Party:

a.      In the case of documents or other tangible Discovery Material (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material, respectively, except that in the case of multi-page documents bound together by staple or other permanent binding, the words "Confidential" or "Highly Confidential" need only be stamped on the first page of the document for the entire document to be treated as Confidential Discovery Material or Highly Confidential Discovery Material, respectively.  But the failure to designate a document as "Confidential" or "Highly Confidential" does not constitute a waiver of such a claim, and a Producing Party may so designate a document

after that document has been produced pursuant to paragraph 3, with the effect that the document is subject to the protections of this Stipulation and Order from the time it is designated "Confidential" or "Highly Confidential"; and

b.     In the case of depositions or other pretrial testimony:  by (i) a statement on the record, by counsel, that certain information or testimony is Confidential or Highly Confidential, or (ii) written notice, sent by counsel to all parties within seven business days of receipt of the final transcript, stating that the entire deposition transcript or testimony, or part thereof, is so designated.  All depositions and other pretrial testimony will be deemed to be Highly Confidential until the expiration of the seventh business day after counsel receive a copy of the transcript thereof, after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any.  Only those portions of the transcripts or testimony designated as "Confidential" or "Highly Confidential" in the Litigation will be deemed Confidential Discovery Material or Highly Confidential Discovery Material, respectively.  The parties may modify this procedure for any particular deposition through an agreement on the record at that deposition without further order of the Court.

c.     In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material, as appropriate.

8.     Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.     Parties to the Litigation and officers, directors, and employees of the parties to the extent deemed reasonably necessary by counsel of record for the purpose of

assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation and Order;

b.     Outside and inside counsel to the parties, regular and temporary employees of those counsel, and service vendors of those counsel (including outside copying services and outside litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

c.     Subject to paragraph 10, experts or consultants necessary to assist counsel for parties that have appeared in the Litigation;

d.     Witnesses or deponents and their counsel, during the course of, or to the extent necessary for preparation for, depositions or testimony in the Litigation;

e.     Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or a copy recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

f.     The Court, persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom; and

g.     Any other person, only upon order of the Court or upon stipulation of the Producing Party, and provided that such person signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for the purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery Material or Highly Confidential Discovery Material in a manner or for purposes other than those permitted hereunder.

9.      Discovery Material designated "Highly Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.      One designated in-house attorney of Plaintiff, who shall not disclose the Highly Confidential Discover Material to any other persons other than those persons authorized to receive such material in this paragraph 9, and who shall sign an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for the purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery Material or Highly Confidential Discovery Material in a manner or for purposes other than those permitted hereunder;

b.      Outside counsel to the parties that have appeared in the Litigation, regular and temporary employees of those counsel, and service vendors of those counsel (including outside copying services and outside litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

c.      Subject to paragraph 10, experts or consultants necessary to assist counsel for parties that have appeared in the Litigation;

d.      Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or a copy recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

e.      The Court, persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom; and

f.      Any other person, only upon order of the Court or upon stipulation of the Producing Party, and provided that such person signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for the purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery Material or Highly Confidential Discovery Material in a manner or for purposes other than those permitted hereunder.

10.     Confidential Discovery Material or Highly Confidential Discovery Material may be provided to an expert or consultant only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, and provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any other party to or any competitor or potential transaction counterparty of any party to this Litigation, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential Discovery Material or Highly Confidential Discovery Material solely in connection with this Litigation and further provided that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for the purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery Material or Highly Confidential Discovery Material in a manner or for purposes other than those permitted hereunder.  Counsel for the Party showing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and

retaining the original, executed copy thereof.  Under no circumstances shall an expert or consultant who is a Competitor of a party or an employee of a Competitor of a party to this Litigation, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material or Highly Confidential Discovery Material absent further order of the Court or consent of the Producing Party.  "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities

        11.    The dissemination of Confidential Discovery Material or Highly Confidential Discovery Material in accordance with this Stipulation and Order shall be limited as follows: every person given access to Confidential Discovery Material or Highly Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms of this Stipulation and Order. Except as otherwise provided in this Stipulation and Order, all those to whom Confidential Discovery Material or Highly Confidential Discovery Material is disclosed pursuant hereto (i) shall protect, safeguard, and otherwise respect the confidential nature of such information; (ii) shall not disclose it to any person other than those identified in Paragraphs 8 and 9 who are entitled to have it made available to them; (iii) shall not use it for any other purpose except as may be necessary for the good faith conduct of this Litigation; and (iv) shall maintain all documents and things that are or contain Confidential Discovery Material or Highly Confidential Discovery Material in a secure place where unauthorized disclosure cannot reasonably be expected to occur.  The obligations of this paragraph shall cease as to any Confidential Discovery Material or Highly Confidential

Discovery Material that is publicly disclosed by the Producing Party or otherwise becomes publicly available without violation of this Stipulation and Order.

12.     This Stipulation and Order shall not be construed to prevent examination of any person as a witness at trial or during deposition concerning any Confidential Discovery Material or Highly Confidential Discovery Material which that person had lawfully received before or apart from this Litigation. Any Producing Party and its directors, officers and employees may be examined at trial or during deposition regarding the Confidential Discovery Material or Highly Confidential Discovery Material.

13.     All documents of any nature, including briefs, all or part of which have been designated as "Confidential" or "Highly Confidential" (or treated as such pursuant to the terms of this Stipulation and Order) and that are filed with the Court, must be filed with the Court under seal in accordance with the provisions of Court of Chancery Rules 5(g) and 79.1 and the Administrative Directive of the Chancellor of the Court of Chancery of the State of Delaware Amended No. 2003-1, dated March 15, 2007, regarding eFile Administrative Procedures, which may be accomplished by submitting documents stating the following:

**THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER.**

In addition, all such documents must be submitted with a cover page containing the caption in the Litigation and the following statements and information:

**YOU ARE IN POSSESSION OF A DOCUMENT FILED IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE THAT IS CONFIDENTIAL AND FILED UNDER SEAL.**

**If you are not authorized by Court order to view or retrieve this document read no further than this page.  You should contact the following person:**

**[filing attorney's name]**
**[firm name of filing attorney]**
**[address of filing party]**
**[telephone number of filing party]**

If a paper copy of that document is to be submitted to the Court for any reason, that document shall be submitted in a sealed envelope or package marked with the title of the Litigation and bearing a statement substantially in the following form:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED MAY ____, 2011, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NEITHER TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

14.    All materials filed pursuant to paragraph 13 shall be released from confidential treatment by the Register in Chancery only as provided in Court of Chancery Rule 5(g)(7) or upon further order of this Court.  When any party receives a notice from the Register in Chancery pursuant to Rule 5(g) as to the release of Confidential Discovery Material or Highly Confidential Discovery Material submitted by that party, but designated "Confidential" or "Highly Confidential" by another Producing Party, the party receiving the notice must deliver or mail it to the Producing Party within five business days, if such notice is not otherwise sent to such Producing Party by the Register in Chancery, so as to enable the latter to seek further confidential treatment or to have the documents returned or destroyed.  The provisions of this paragraph may be waived only with the written consent of the Producing Party.

15.    The parties filing any brief, memorandum, motion, letter, or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of

this Stipulation and Order, must comply with the provisions of Court of Chancery Rule 5(g), including, without limitation, the provisions governing the filing of a copy of the Filing for public inspection that omits only the information that the party believes should continue to be sealed for good cause.  Notwithstanding the foregoing, the parties have no obligation to file public versions of any exhibits or attachments to a Filing, unless otherwise ordered by the Court or required by the Register in Chancery.

16.     In accordance with the provisions of Court of Chancery Rule 5(g)(6), any party to the Litigation who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of that Rule or this Stipulation and Order must give written notice of its objection to the Producing Party.  To the extent that the Producing Party seeks to continue the restriction on public access to documents filed with the Register in Chancery, the Producing Party must file an application with the Court within the seven-day period mandated by Court of Chancery Rule 5(g)(6) for a judicial determination as to whether good cause exists for continued restricted access to the document.

17.     Producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material or entering into, agreeing to, or otherwise complying with, the terms of this Stipulation and Order will not:

a.     Operate as an admission by any party that any particular Confidential Discovery Material or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

b.     Prejudice in any way the rights of the parties to seek production of documents or to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein

-12-

constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material or Highly Confidential Discovery Material;

c.      Prejudice in any way the rights of any party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

d.      Prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

e.      Prevent the parties to this Stipulation and Order from agreeing in writing to alter or waive the provisions and protections provided for herein with respect to any Discovery Material;

f.      Preclude any Party from objecting to discovery that it believes to be otherwise improper;

g.      Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege or immunity; or

h.      Prejudice in any way, the rights of any party to request that particular Discovery Material or Confidential or Highly Confidential Discovery Material be treated more restrictively than otherwise provided for herein, and, absent agreement of the parties, to petition the Court for a further protective order relating to any such material.

18.      This Stipulation and Order has no effect on, and does not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose whatever. Nothing herein will impose any restrictions on the use or disclosure by a party of documents,

materials, or information designated as "Confidential" or "Highly Confidential" that have been obtained lawfully by that party independently of the discovery proceedings in the Litigation.

19.     It is the present intention of the parties that the provisions of this Stipulation and Order will govern discovery in the Litigation.  The parties hereto agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or an alternative thereto that is satisfactory to all parties, by the Court.  Any violation of the terms of this Stipulation and Order will subject the offender to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.  Nonetheless, the parties hereto are entitled to seek modification, cancellation, or expansion of this Stipulation and Order by application to the Court and on notice to the other parties hereto.

20.     If information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or immunity or ground on which production of that information should not be made to any party is inadvertently produced to that party or parties (the "Receiving Party"), that production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other privilege or immunity or ground for withholding production to which the Producing Party would otherwise be entitled.  If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of the Receiving Party, the Receiving Party must promptly return to the claiming party or person, or at the direction of the Producing Party, destroy that material as to which the claim of inadvertent production has been made and all copies thereof.  The Receiving Party may not use the information for any purpose, except that the Receiving Party may move the Court for an order compelling production of the material, but any such motion shall not include the inadvertently produced material as an exhibit to the motion nor shall the motion

assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

21.     If additional parties join or are joined in the Litigation, they may not have access to Discovery Material until each newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

22.     Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all permissible appeals, all persons who have received Confidential or Highly Confidential Discovery Material shall, upon written request of the Producing Party, either make a good faith effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to counsel for the Producing Party. Notwithstanding the prior sentence, counsel for the Parties shall be entitled to retain their own court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential or Highly Confidential Discovery Material) provided that such counsel, and employees of such counsel, shall not disclose such court papers or attorney work product litigation files to any person except pursuant to court order or agreement of the Producing Party or Parties that produced and designated the Confidential or Highly Confidential Discovery Material or except as otherwise required by law.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

23.     In the event that any losing party decides not to appeal, any party who seeks the continued sealing of any filed document containing Confidential or Highly Confidential Discovery Material may petition the Court for continued sealing pursuant to Court of Chancery Rule 5(g)(7).

24.     During the pendency of the Litigation, any party objecting to the designation of any Discovery Material as "Confidential" or "Highly Confidential" may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.  While the application is pending, the Discovery Material in question shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material, as appropriate, pursuant to this Stipulation and Order.  The provisions of this Agreement are not intended to shift the burden of establishing confidentiality, which burden remains on the party that designates such Discovery Material as Confidential or Highly Confidential.

25.     A party that intends to offer or refer to any Confidential Discovery Material or Highly Confidential Discovery Material in any court hearing, argument or trial shall provide reasonable advance notice to the Producing Party of the intent to use Confidential Discovery Material or Highly Confidential Discovery Material so that the Producing Party has the opportunity to request that the Court take steps to prevent public disclosure of the Confidential Discovery Material or Highly Confidential Discovery Material.

26.     In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material.

27.     If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed in any other action or proceeding or is served with a document demand, including by a governmental agency, or is otherwise compelled by law to produce documents (all, collectively, a "Demand") and such Demand seeks Discovery Material that was produced or designated as "Confidential" or "Highly Confidential" by someone other than the Receiver, the Receiver must give prompt written notice by hand, facsimile, or electronic transmission within five days of receipt of the Demand (or if a response to the Demand is due in less than 5 days, at least twenty-four (24) hours prior to the deadline for a response to the Demand) to the person or party who produced or designated the material as "Confidential" or "Highly Confidential" and must object to the production of the Confidential Discovery Material or Highly Confidential Discovery Material, respectively, on the grounds of the existence of this Stipulation and Order.  The burden of opposing the enforcement of the Demand will fall on the party who produced or designated the Confidential Discovery Material or Highly Confidential Discovery Material.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material or Highly Confidential Discovery Material covered by this Stipulation and Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this or any other court.  Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material or Highly Confidential Discovery Material will not constitute a violation of this Stipulation and Order.

28.     No person receiving or having access to any Confidential Discovery Material or Highly Confidential Discovery Material shall reveal such Confidential Discovery

Material or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation and Order.  In the event that Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the party responsible for the disclosure shall immediately inform the Producing Party of all pertinent facts relating to the disclosure, including the name, address, and employer of each person to whom the disclosure was made.  The party responsible for the disclosure shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.

29.     The parties to the Litigation agree that the production of any Discovery Material by any non-party to the Litigation shall be subject to and governed by the terms of this Order.

30.     This Stipulation and Order may be executed by facsimile or conformed signature and may be executed in one or more counterparts, each of which shall be deemed an original, but all or which together shall constitute but one agreement.

31.     This Stipulation and Order shall be interpreted under the laws of the State of Delaware.

CHIMICLES & TIKELLIS LLP

By: /s/ Pamela S. Tikellis
     Pamela S. Tikellis (#2172)
     Robert J. Kriner, Jr. (#2546)
     A. Zachary Naylor (#4439)
     Tiffany J. Cramer (#4998)
     222 Delaware Ave., Suite 1100
     Wilmington, DE  19801

*Attorneys for plaintiff Southeastern Pennsylvania Transportation Authority*


MORRIS, NICHOLS, ARSHT & TUNNEL LLP

By: /s/ David J. Teklits
     David J. Teklits (#3221)
     1201 North Market Street, 18th Floor
     Wilmington, Delaware 19899-1347
     (302) 658-9200

*Attorneys for defendant Dr. Ernst Volgenau*

CO COUNSEL:

John C. Millian
Stephen Glover
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8213


POTTER ANDERSON & CORROON LLP

By: /s/ Brian C. Ralston
     Michael D. Goldman (#268)
     Brian C. Ralston (#3770)
     1313 Market Street
     Hercules Plaza, 6th Floor
     Wilmington, Delaware 19899-0951
     (302) 984-6000

*Attorneys for defendants SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail R. Wilensky*

CO COUNSEL:

James P. Gillespie, P.C.
Matthew E. Papez, P.C.
Robert B. Gilmore
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
(202) 879-5190

RICHARDS, LAYTON & FINGER, P.A.

CO COUNSEL:

By:  /s/  *Rudolf Koch*
      Raymond J. DiCamillo (#3188)

Maeve O'Connor
      Rudolf Koch (#4947)
DEBEVOISE & PLIMPTON LLP
      Susan M. Hannigan (#5342)
919 Third Avenue
      920 North King Street
New York, New York 10022
      Wilmington, Delaware 19801
(212) 909-6315
      (302) 651-7700

*Attorneys for defendants Providence Equity Partners*
*LLC, Sterling Parent Inc., Sterling Merger Inc., and*
Dated:  May 12, 2011
     *Sterling Holdco Inc.*
1012124


IT IS SO ORDERED this _____ day of May, 2011.


_____
        Vice Chancellor Noble

1012709

**EXHIBIT A**

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, individually, and on behalf of all those similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) C.A. No. 6354-VCN |
| ERNST VOLGENAU, JOHN W. BARTER, LARRY R. ELLIS, MILES R. GILBURNE, W. ROBERT GRAFTON, WILLIAM T. KEEVAN, MICHAEL R. KLEIN, STANTON D. SLOANE, GAIL R. WILENSKY, SRA INTERNATIONAL, INC., PROVIDENCE EQUITY PARTNERS LLC, STERLING PARENT INC., STERLING MERGER INC. and STERLING HOLDCO INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**UNDERTAKING PURSUANT TO THE STIPULATION AND ORDER GOVERNING THEPRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

I have read the Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Stipulation and Order") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the Court of Chancery for the State of Delaware for purposes of enforcement of the Stipulation and Order.

_____

Signature

_____

Name

_____

Affiliation

_____        _____

Date                                    Title

This document constitutes a ruling of the court and should be treated as such.

|  |  |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | John Noble |
| **File & Serve Transaction ID:** | 37557417 |
| **Current Date:** | May 13, 2011 |
| **Case Number:** | 6354-VCN |
| **Case Name:** | Southeastern Pennsylvania Transportation Authority vs Ernst Volgenau |
| **Court Authorizer:** | John Noble |

**/s/ Judge John Noble**