UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANDREI SINIOUKOV, Individually and on Behalf of All Others Similarly Situated,<br><br>        *Plaintiff*,<br>    v.<br><br>SRA INTERNATIONAL, INC., *et al.*,<br><br>        *Defendants*. | No. 1:11cv447<br>(LO/TRJ) |

**DEFENDANT SRA INTERNATIONAL, INC.'S
BRIEF IN SUPPORT OF ITS MOTION TO FILE
<u>A REDACTED BRIEF AND A SEALED EXHIBIT</u>
IN OPPOSITION TO PLAINTIFF'S MOTION TO LIFT THE STAY**

Pursuant to Local Civil Rule 5(D) of the Rules of the United States District Court for the Eastern District of Virginia, defendant SRA International, Inc. ("SRA"), for itself and certain individual defendants,[1] has moved the Court for leave to file a **REDACTED BRIEF** and one exhibit **UNDER SEAL** in opposition to plaintiff's motion to lift the stay. As required by the Local Civil Rule 5(C), this non-confidential memorandum of law is submitted in support of that motion.

### STATEMENT OF THE CASE

On April 25, 2011, plaintiff, an individual shareholder owing just 41 shares of SRA stock (out of the 58.4 million outstanding), commenced this putative class action under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), seeking remedies for alleged violations of

---

[1] This motion is filed on behalf of defendants SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail R. Wilensky. Defendants Dr. Ernst Volgenau, Providence Equity Partners LLC, Sterling Parent Inc., and Sterling Merger Inc. also support this motion.

§§ 14 and 20(a) of the Securities Exchange Act of 1934 and alleged breaches of fiduciary duty under Delaware law (Dkt. # 1).  Among the remedies prayed for is a preliminary injunction order prohibiting the consummation of a pending merger.  After extensive briefing and a hearing, the Court entered an order on May 24, 2011, which stayed this action in light of a nearly identical class action filed in Delaware chancery court (Dkt. # 45).  Claiming that there now are changed circumstances, plaintiff has filed an emergency motion to lift the stay and to have the Court enjoin the shareholder vote, which is scheduled to occur at a shareholder meeting commencing at 8:30 a.m. (EDT) on July 15, 2011 (Dkt. # 46).  The Court will hear oral argument on plaintiff's motion at a specially set hearing on Thursday, July 14, 2011, at 4:00 p.m. (EDT).

SRA and the other defendants oppose plaintiff's motion to lift the stay and to enjoin the shareholder vote.  In SRA's opposition, it has presented to the Court certain nonpublic and highly confidential information about the proxy votes that it has received from shareholders in advance of the scheduled vote.  As is demonstrated below, there is good cause to allow SRA to file a **REDACTED** brief and a **SEALED** exhibit to protect that information from becoming public prior to the conclusion of the voting and the public announcement of the final vote totals.

## ARGUMENT

Whenever confidential business information is filed in the Court's record, the Court must weigh competing interests.  *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978); *See Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000); *Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000).  On the one hand, there is the public's right of access to judicial records; on the other hand are the interests of the litigants (or others) and the government in preventing public disclosure of information when such disclosure may harm compelling private or public interests.

*The Public's Interest:* The public's interest in having access to judicial records is in ensuring that the administration of justice is fair, impartial, and effective. *See Virginia Department of State Police v. The Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005) (the press and public perform a "watch dog" function). To enable the press and public to serve as "watch dogs," there are two rights of access to judicial records—a "common law right of access" and the "First Amendment right of access."[2] The common law right of access applies to "all judicial records and documents," while the First Amendment right of access applies "only to particular judicial records and documents"—such as exhibits filed in connection with plea hearings and sentencing hearings in criminal cases, and trial proceedings and dispositive motions in civil cases. *See Stone v. University of Maryland Medical Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988). These rights of access, and the standards for overcoming them, are analyzed separately below.

*The Private and Governmental Interests:* The interests of SRA, the shareholders, and the government must be balanced against the public's right of access to judicial records. SRA and the shareholders have compelling private interest in maintaining the integrity of the shareholder voting, so that it is not skewed by disclosure of interim proxy vote tallies. For example, if shareholders were to learn that a large number of proxy votes have already been cast in favor of (or in opposition to) a proposition, they may be discouraged from attending the shareholder meeting to cast their own votes. Likewise, the government has a compelling interest in regulating information disseminated by the company at this pivotal juncture. The company

---

[2] Although known as the "First Amendment right of access," this right is not reserved for the press. Rather, in addition to protecting freedom of the press, the First Amendment secures for every citizen freedom of speech, as well as the rights to peaceably assemble, and to petition the government, which together give rise to the First Amendment right of access to judicial proceedings and records. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980).

respectfully submits that it does not wish to put at risk the policies underlying SEC Regulation FD (which requires "fair disclosure" and prohibits "selective" disclosures), by making shareholder vote tallies public before the voting has been concluded and the final tally is announced.[3]

*Common Law Right of Access:*  Any time confidential materials are proposed for filing under seal, they are subject at least to a common law right of access.  *See Nixon v. Warner Communications*, 435 U.S. at 597-99; *Rushford*, 846 F.2d at 253.  Under the balancing test for the common law right of access, the district court "has discretion[,] to be exercised in light of the relevant facts and circumstances" of the case, to maintain the seal over particular court files. *Nixon v. Warner Communications*, 435 U.S. at 599; *accord Rushford*, 846 F.2d at 253.  The protection of confidential, competitively sensitive business information has long been held to justify denying the public's common law right of access to judicial records.  Thus, federal courts can deny public access to judicial documents "where court files might have become a vehicle for improper purposes," and sealing the record is proper to prevent court files from becoming "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications*, 435 U.S. at 599; *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (sealing court records permissible to prevent others from "gaining a business advantage" from materials filed with court).  Thus, to the extent that the common law right of access applies, the *Nixon* analysis warrants protection of confidential business information.  In this case, the public can perform its "watch dog" function without knowing the interim proxy vote tallies that may be relevant to deciding this motion.  SRA respectfully submits that the standard for overcoming the common law right of access is easily satisfied here, given the federal courts'

---

[3] *See* 17 C.F.R. Part 243, §§ 243.100 *et seq.*

universal recognition that it is proper to seal judicial records to protect confidential business information.

*First Amendment Right of Access:* A First Amendment right of access also may attach to exhibits filed in connection with dispositive motions, like a motion for summary judgment. *Rushford*, 846 F.2d at 253. That is because a successful motion for summary judgment in a civil case "adjudicates substantive rights and serves as a substitute for a trail," which would presumptively be public. *Id*. at 252-53 & n.4. When pretrial judicial records are at issue, the Court must analyze whether the First Amendment right of access even attaches. *See ACLU v. Holder*, 652 F. Supp.2d 654, 660 (E.D. Va. 2009). Here, the Court may assume (without deciding) that the First Amendment right of access applies to plaintiff's motion. If the First Amendment right of access attaches to a judicial document, then public access may be denied only if "a compelling governmental interest" exists, and the restriction on access has been "narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253. Such a "compelling government interest" exists here.

The Supreme Court has ruled that a protective or sealing order "furthers a substantial governmental interest" of ensuring that confidential information learned during litigation is not misused. *See Seattle Times v. Rhinehart*, 467 U.S. 20, 34-35 (1984). "The government clearly has a substantial interest in preventing this sort of abuse of its processes." *Seattle Times*, 467 U.S. at 35. This same "substantial governmental interest" exists to prevent judicial documents from becoming "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications*, 435 U.S. at 599; *In re Knight*, 743 F.2d at 235 (sealing court records permissible to prevent others from "gaining a business advantage" from

5

materials filed with court). Thus, there is a "compelling governmental interest" that justifies keeping confidential business information under seal, thereby preventing misuse of it.

***Procedural Requirements for Sealing Judicial Records:*** Under Local Civil Rule 5, no judicial records may be sealed without a court order. E.D.VA.CIV.R. 5(A). A party seeking a sealing order must apply for that order before, or together with, a sealed filing. E.D.VA.CIV.R. 5(D). SRA is filing a motion together with the sealed and redacted filings and is submitting the sealed and redacted documents to the Court for *in camera* review.

When a sealing motion is made, the district court must do the following under Fourth Circuit law prior to sealing court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288. These three factors are satisfied here.

First, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight*, 743 F.2d at 235. Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id*. Adequate notice has been given here by SRA's public filing of this motion, which is available to the public.

Second, under *Nixon* and *Knight*, partially sealing the judicial record to protect confidential business information is warranted, and no less drastic alternative will suffice. The more drastic measure of sealing the entire brief in opposition and all exhibits is not warranted here. It is proper, however, to employ the less drastic measure of sealing or redacting only the confidential materials themselves and any specific references to them. Here, SRA had employed

the least drastic sealing measure of redacting portions of the filings that would otherwise reveal specific material nonpublic information concerning preliminary shareholder proxy voting to date.

Third, specific findings are included in the attached proposed *Sealing Order*.

Therefore, SRA respectfully submits that the proposed *Sealing Order* should be entered.

## CONCLUSION

For the reasons argued above, the Court should exercise its discretion to permit SRA to make judicial filings in redacted form or under seal because that ruling properly balances the competing private and governmental interests against the public's right of access to judicial records.

Dated: July 13, 2011

Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly (VSB #20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX   (703) 549-2604
EMAIL craig.reilly@ccreillylaw.com
*Counsel for defendants SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail Walensky*

*Of Counsel:*

James P. Gillespie
Robert B. Gilmore
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Suite 1200
Washington, D.C. 20005
TEL (202) 879-5000
FAX (202) 879-5200

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of July 2011, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to the following counsel of record, or by email (*):

| | |
|---|---|
| Steven B. Gould<br>Jesse D. Stein<br>BROWN & GOULD, LLP<br>7700 Old Georgetown Rd.<br>Suite 500<br>Bethesda, MD 20814<br>*Counsel for Plaintiff* | Maeve O'Connor *<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022<br><br>    *and*<br><br>Robert E. Scully<br>STITES & HARBISON, PLLC<br>1199 N. Fairfax Street, Suite 900<br>Alexandria, Virginia 22314<br>*Counsel for Defendants Providence Equity Partners LLC, Sterling Parent Inc., and Sterling Merger Inc.* |
| ROBBINS GELLER RUDMAN*<br>& DOWD LLP<br>STUART A. DAVIDSON<br>CULLIN A. O'BRIEN<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>*Counsel for Plaintiff* | John C. Millian *<br>Justin A. Torres<br>GIBSON DUNN & CRUTCHER<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>*Counsel for Defendant Dr. Ernst Volgenau* |
| ROBBINS GELLER RUDMAN*<br>& DOWD LLP<br>RANDALL J. BARON<br>A. RICK ATWOOD, JR.<br>DAVID T. WISSBROECKER<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>*Counsel for Plaintiff* | JOHNSON BOTTINI, LLP*<br>FRANK A. BOTTINI<br>501 W. BROADWAY, SUITE 1720<br>SAN DIEGO, CA 92101<br>*Counsel for Plaintiff* |

                                        /s/ Craig C. Reilly
                                        Craig C. Reilly VSB # 20942
                                        111 Oronoco Street
                                        Alexandria, Virginia 22314
                                        TEL:   (703) 549-5354
                                        FAX:   (703) 549-2604
                                        EMAIL: craig.reilly@ccreillylaw.com
                                        *Counsel for defendants SRA International, Inc., John W. Barter, Larry R. Ellis, Miles R. Gilburne, W. Robert Grafton, William T. Keevan, Michael R. Klein, Dr. Stanton D. Sloane, and Dr. Gail Walensky*